Diedrichs vs. The Northwestern Union Railway Company.

---

## DIEDRICHS VS. THE NORTHWESTERN UNION RAILWAY COMPANY.

INJUNCTION.— RAILROADS.— PLEADING. (1) *When railroad company en-joined from taking land.* (2) *What complaint must show.*

1. Where a railroad company is about to take permanent possession of the land of another person, without a determination, in some legal

method, of the sum to be paid the owner therefor, or without *payment or tender* of such sum, the owner is entitled to an *injunction* restraining the company therefrom. *Bohlman v. Railway Co.*, 30 Wis., 105.

2. But a *complaint* for such an injunction is fatally defective if it does not *aver positively* that the company *threatens or intends* to take possession of plaintiff's land *without making such payment*; and this essential averment cannot be supplied by inference.

APPEAL from the County Court of *Milwaukee* County.

This is an action to restrain the defendant from entering upon and permanently appropriating to its use, for the purposes of its road bed, certain real estate in the city of Milwaukee belonging to the plaintiff, until the defendant shall have made compensation therefor. The complaint alleges that the defendant threatens and intends immediately to prepare the road bed and track of its railroad over and across the lands of the plaintiff, on the line previously located therefor, and that it has not agreed with the plaintiff as to the amount of compensation and damages to be paid the plaintiff for the land proposed to be taken from him for the purposes aforesaid, nor paid or tendered to him such compensation or damages. The complaint also contains the following averment: " That said defendant claims to have caused an estimate and appraisal of the value of said strip, belt or piece of land, and of the damages this plaintiff may sustain by reason of the taking and using the same, to have been made by three commissioners, by said defendant claimed to have been appointed by the Hon. David W. Small, judge of the second judicial circuit of the state of Wisconsin, whose report of said estimate and appraisal is on file in the office of the clerk of the circuit court in said county of Milwaukee ; but that the said defendant has not paid or tendered to this plaintiff, and has not paid to said clerk of said circuit court, for the use of this plaintiff, the amount or amounts awarded by said pretended commissioners to this plaintiff as compensation for said strip, belt or piece of land to be taken

Diedrichs vs. The Northwestern Union Railway Company.

by said defendant for the uses of its said railroad, and for the damages this plaintiff might sustain by reason of the taking of the same, or any part of either said compensation or damages." It fails to state, however, that the defendant threatens to take possession of the land of the plaintiff without paying him therefor, or without paying the amount so awarded by the commissioners.

For want of the latter averment the county court sustained a demurrer to the complaint. The plaintiff appeals to this court from the order sustaining such demurrer.

*Mann & Cotzhausen*, for appellants, to the point that land cannot be taken by a railroad company until payment of compensation is made or tendered, cited, *Powers v. Bears*, 12 Wis., 213 ; and *Bohlman v. Railway Co.*, 30 id., 105. They also contended that it sufficiently appeared from the complaint that defendant threatened to go upon the land without such payment or tender.

*E. Mariner, contra.*

Lyon, J. There could be no doubt of the plaintiff's right to the injunction asked for, if the defendant is about to take permanent possession of his land without a determination, by some legal method, of the sum to be paid to the plaintiff therefor, and payment or tender of such sum to the plaintiff or some person authorized by law to receive the same. *Bohlman v. The Green Bay & Lake Pepin R'y Co.*, 30 Wis., 105, and cases cited. But to entitle him to such injunction, he must show that the defendant threatens or intends to take possession of his land without making such payment or tender. The complaint in this action lacks this indispensable averment. Every averment which it contains may be true, and still the defendant may not have threatended or intended to enter upon the plaintiff's land until after it had made full compensation therefor as required by the constitution and laws of the state. This essential averment cannot be supplied by inference. It must be positively made, or the complaint will be held bad on demurrer.

The only relief demanded in this action is, that the defendant be restrained from taking possession of the plaintiff's land until it makes compensation therefor. The complaint fails to state facts which entitle the plaintiff to such relief. Hence it fails to state facts sufficient to constitute a cause of action, and the demurrer thereto for that cause was properly sustained.

*By the Court.* — The order sustaining the demurrer is affirmed.