HAMILTON vs. THE CITY OF FOND DU LAC.

40 47
85 561

MUNICIPAL CORPORATIONS. *When city liable for trespass.*

1. For acts constituting a trespass, done by direction of city officers who had authority to act upon the general subject matter, and acted in good faith, with an honest desire to obtain for the public a lawful benefit, the city is liable.

2. The council of a city, being empowered to abate nuisances, and also to straighten, widen and otherwise improve the bed or channel of either branch of a river within the city limits, passed an ordinance declaring one branch of said river, within said limits, a public nuisance, and providing for its abatement by the excavation of a new channel across plaintiff's premises. Afterwards, pursuant to a contract let by the board of public works of said city, in its name, for the excavation of said new channel, acts were done by the contractor constituting a trespass on plaintiff's premises. *Held,* that the city was liable, the action of the council being within the scope of its general powers, and taken in the belief that it was exercising a lawful power for the public good.

APPEAL from the Circuit Court for *Winnebago* County.

Trespass *quare clausum*. The complaint alleges that the defendant broke and entered plaintiff's close in said city, and dug and carried away a large quantity of earth and soil, part and parcel of said close, for which damages to the amount of five hundred dollars are claimed. The answer is a general denial.

In January, 1867, the common council of the defendant city passed an ordinance declaring the old east branch of the Fond du Lac river, within certain limits in said city, a public nuisance, and providing for the abatement of such nuisance by the excavation of a new channel in part across the premises of the plaintiff described in the complaint. In April of the same year, the proper city officers (the mayor and clerk) entered into a contract, on behalf of the city and in its name, with Nichols & Kinney, to execute such ordinance. This contract, after having been partly performed, was annulled by the council, and that body ordered a contract to be made with Gen. C. S. Hamilton to complete the work. Accordingly, in January, 1868, the board of public works, on behalf of the city and in its name, made a contract to that effect in form with one Foster, who immediately resigned his interest therein to Gen. Hamilton. The latter performed the contract according to its terms, and in doing so committed the acts of trespass here complained of.

The cause was tried before the circuit judge without a jury, and resulted in a finding and judgment for the plaintiff for two hundred and fifty dollars damages. The defendant appealed.

*De W. C. Priest*, for appellant, contended that at the time the petition for that purpose was acted upon, the defendant city had no authority to take private property for the improvement of the river. Sec. 2, art. XI of the state constitution, requires the necessity for such taking by a municipal corporation, without the owner's consent, to be established by

the verdict of a jury; such verdict would not protect the city without notice to the owner; and the city charter did not require such notice to be given, nor is there any evidence that it was given. *Seifert v. Brooks*, 34 Wis., 443; *Lumsden v. Milwaukee*, 8 id., 485, 494; *Hood v. Finch*, id., 381. If a trespass was committed, the person who committed it is the only one liable. The contract under which the acts of trespass are claimed to have been done, was not made by the city, but appears to be signed by two members of the board of public works; and no authority in them is shown. Nor would the city be liable if the work had been done by its authorized agent. When the acts are *ultra vires*, the corporation is not liable for wrongs committed nor for negligence. *Mayor of Albany v. Cunliff*, 2 Coms., 165. 2. Defendant, by the action of its council, accepted a report of the board of public works that the Nichols & Kinney contract be annulled, and the work relet to C. S. Hamilton. The work was in fact relet, not to Hamilton but to Foster. The city cannot be bound by this contract. The board and Foster and his assignee were the trespassers, if any trespass was committed. 28 Wis., 420; 40 N. Y., 442; Dillon on M. C., §§ 55, 769.

A brief was filed for the respondent signed by *Taylor & Sutherland*, and the cause was argued orally by *Mr. Taylor*. The argument on that side was substantially as follows: The evidence was clear and abundant that the city authorized and directed the excavation to be made. By its charter it had power to cause the river to be widened and straightened, and to take private property for that purpose. Laws of 1867, ch. 124, sub-ch. XII. And when the officers of a corporation order an act to be done in an irregular and illegal manner, which they had authority to do in a regular way, the corporation is liable in tort to persons injured by such irregular and illegal acts. *Howell v. Buffalo*, 15 N. Y., 512, 520; *Lemon v. Mayor, etc.*, 5 Bosw., 420; *P. W. & B. R. R. Co. v. Quigley*, 21 How. (U. S.), 202; *Thayer v. Boston*, 19 Pick.,

511; *Soulard v. St. Louis*, 36 Mo., 546; *Hildreth v. Lowell*, 11 Gray, 345; *Wallace v. Muscatine*, 4 Greene (Iowa), 373; *McCombs v. Town Council*, 15 Ohio, 474; *Squiers v. Neenah*, 24 Wis., 588; *Hurley v. Texas*, 20 id., 637. It is also settled in this state, and in several other states, that a municipal corporation is liable in tort for an act done by order of those officers upon whom the law confers the general power of directing and controlling its affairs, though such act is not authorized by its charter; especially when such officers act in good faith in directing the act to be done. 19 Pick., 511; 20 Wis., 637. In the case of a city, every act done by a direct vote of a common council, if unauthorized by the terms of the charter, will render the corporation liable to respond in damages for injuries resulting therefrom. *Hutchinson v. R. R. Co.*, 6 Heisk., 634; *Pittsburg v. Grier*, 22 Pa. St., 54; *Young v. Leedom*, 67 id., 351; *Delmonico v. Mayor*, 1 Sandf., 222; *Hildreth v. Lowell, supra; Green v. Portland*, 32 Me., 433; *Peck v. Ellsworth*, 36 id., 393; 24 Wis., 588; *Harper v. Milwaukee*, 30 id., 365–372.

LYON, J. That the acts complained of were committed by or under the authority of officers and agents of the defendant city, and that such acts were trespasses, is not denied; and the material question to be determined is, whether the city is liable therefor.

The principle upon which the answer to this question depends was laid down by this court in *Hurley v. Texas*, 20 Wis., 634, and in *Squiers v. Neenah*, 24 id., 588, to the effect that if the trespass complained of is within the general authority of such officers or agents, if they had authority to act on the general subject matter, and acted in good faith, with an honest view to obtain for the public a lawful benefit or advantage, the city is liable for their trespass. In thus holding, the court adopted the rule on this subject laid down by SHAW, C. J., in *Thayer v. Boston*, 19 Pick., 511. The same

Hamilton vs. The City of Fond du Lac.

rule was sanctioned by the New York court of appeals in *Lee v. Sandy Hill*, 40 N. Y., 442.

In addition to abating a nuisance, the effect of executing the ordinance of 1867 was to alter, straighten and widen the channel of the ·stream. When the contracts were let for doing the work, and when the work was done, the common council had power "to straighten, widen, change and alter, and regulate and improve the bed, current or channel of either branch of the Fond du Lac river." P. & L. Laws of 1867, ch. 124 (p. 288). Moreover the council has always been clothed with power to abate public nuisances within the city. Hence, in enacting and executing the ordinance of 1867 the council acted within the scope of its general powers, although irregularly, and it cannot be successfully denied that the council so acted in perfect good faith, in the belief that it was exercising a lawful power for the public good. We are clearly of the opinion that, within the rule above stated, the city is liable in this action for the damages resulting to the plaintiff from the execution of the ordinance of 1867. See *Crossett v. Janesville*, 28 Wis., 420.

It is claimed that the damages awarded by the court are unwarranted by the testimony, and the learned city attorney argued this proposition with much earnestness and ingenuity. We find testimony in the record, however, which sustains the award of damages; and we are unable to say that there is a preponderance of evidence against it.

Upon the whole case we conclude that the judgment of the circuit court should not be disturbed.

*By the Court.*— Judgment affirmed.