CHURCH vs. JOINT SCHOOL DISTRICT No. 12 OF THE TOWNS OF GERMANTOWN AND MENOMONEE.

*September 5 — September 19, 1882.*

EQUITY: INJUNCTION. *(1) Taking of land for public use, without compensation, may be enjoined.*
PLEADING. *(2) Complaint construed.*

1. An attempt to enter upon and take permanent possession of land for *public use* without the assent of the owners and without the damages having been ascertained or tendered, may be restrained by injunction.

Church vs. Joint School Dist. No. 12 of Germantown and Menomonee.

2. An allegation in the complaint that the defendant threatens to take possession of the plaintiff's land "without first having acquired any right or title thereto or any leave or license to enter upon the same," is construed as substantially stating that the defendant threatens to take the land without first having paid, tendered or deposited the compensation therefor as required by the statute as a condition precedent to acquiring any right or title thereto. *Diedrichs v. N. W. U. Railway Co.*, 33 Wis., 219, distinguished.

APPEAL from the Circuit Court for *Milwaukee* County. The case is sufficiently stated in the opinion. The plaintiff appealed from a judgment dismissing the complaint, and dissolving a temporary injunction.

For the appellant there was a brief by *Frisby & Weil*, and oral argument by *Mr. Frisby:*

Upon a demurrer *ore tenus* a more liberal rule prevails in support of the pleading than if it had been formally demurred to. *Lutheran Evangelical Church v. Gristgau*, 34 Wis., 328; 30 id., 162, 167; 14 N. Y., 247; 22 Barb., 388, 394; 23 id., 25, 30. This is not a case of mere fugitive and temporary trespass. The complaint shows that the defendant was about to take and permanently occupy a portion of the plaintiff's premises without right so to do. Such taking would inflict injury reaching to the "very substance and value of the estate," and go to the "destruction of it in the character in which it was enjoyed" by the plaintiff. To restrain such impending trespass, courts of equity will interfere by injunction. *Lumsden v. Milwaukee*, 8 Wis., 485; *Trustees, etc. v. Hoessli*, 13 id., 348; *Varick v. Mayor, etc.*, 4 Johns. Ch., 53; High on Inj., sec. 707; 2 Story's Eq. Jur., secs. 927, 928; *Scudder v. Trenton D. F. Co.*, 23 Am. Dec., 756; *Stringham v. O. & M. Railroad Co.*, 33 Wis., 471; *Bohlman v. G. B. & L. P. Railway Co.*, 30 id., 105; *Powers v. Bears*, 12 id., 214; *Diedrichs v. N. W. U. Railway Co.*, 33 id., 219; *Grant v. Crow*, 47 Iowa, 632; *Poirier v. Fetter*, 20 Kans., 47; *Southmayd v. McLaughlin*, 9 C. E. Green, 181; *Gardner v. Newburgh*, 2 Johns. Ch., 161; *Anderson v. Commissioners,*

12 Ohio St., 635; *Bonaparte v. C. & A. Railroad Co.*, 1 Baldw., 205; *Gilbert v. Arnold*, 30 Md., 29; *Kirkendall v. Hunt*, 4 Kans., 514; Kerr on Inj., 295. If the plaintiff had stood by and allowed the district to build on his premises, he would be precluded from reclaiming the land by any means whatever. *Goodin v. C. & W. Canal Co.*, 18 Ohio St., 169. A private person who applies for an injunction to restrain a public incorporated company or body from entering illegally on his land, is not required to make out a case of destructive trespass or irreparable injury. Kerr on Inj., 296, part 10; *Ryan v. Brown*, 18 Mich., 196; *Mayor v. Groshon*, 30 Md., 436; *Railroad Co. v. Owings*, 15 id., 199; *Manchester Cotton Mills v. Manchester*, 25 Grat., 825; *N. O. M. & C. Railroad Co. v. Frederic*, 46 Miss., 1. A demurrer *ore tenus* cannot reach the question, "that the plaintiff has an adequate remedy at law." *Peck v. School District*, 21 Wis., 522; *Tenney v. State Bank*, 20 id., 152.

*David S. Ordway*, of counsel for the respondent, argued, *inter alia*, that equity will not interfere to restrain threatened private trespass. *Stevens v. Beekman*, 1 Johns. Ch., 318; *Kennedy v. Guise*, 62 Ga., 171; *Council Bluffs v. Stewart*, 51 Iowa, 385; *Trustees of Louisville v. Gwhathmey*, 1 A. K. Marsh., 554; *Kerlin v. West*, 3 Green Ch., 449; *Hart v. Mayor, etc.*, 9 Wend., 585; *Smith v. Pettingill*, 15 Vt., 82; *Richard's Appeal*, 57 Pa. St., 113; Adams' Equity, 403, 404. To bring a case within the exception to this rule, the damage must be great and irreparable, and the remedy at law must be doubtful, incomplete and unsatisfactory. The complaint is entirely barren of equity. The remedy at law would be perfect, full, complete and satisfactory, should the alleged trespass be consummated: 1. Under the statute of forcible entry and unlawful detainer, in which case the plaintiff might have restitution and treble damages, besides a fine. 2. By an action of ejectment wherein he might re-

cover full damages and hold all the proposed improvements.
3. By an action of trespass upon the first entry made and continued as often as repeated.    4. All these supplemented by
a criminal prosecution under sec. 4441, R. S.    There is no
pretense that the injury will be irreparable either from the
nature of the acts threatened, or from want of responsibility of defendant or its agents.    There is no allegation that
the defendant is irresponsible, or that its agents are bankrupt or insolvent.    *West v. Walker*, 2 Green (N. J. Eq.), 279,
290.    Upon this complaint the defendant is not exercising or
attempting to exercise any right given by the statute, but is
alleged to be a pure trespasser.    It is not necessary, therefore, for equity to interpose, there being no official oppression, no abuse of authority, no pretense of authority making
the remedy at law doubtful.    If it be insisted that the mere
fact that the defendant is a school district with power to
condemn private property, raises the presumption that it is
proceeding so to do, then the answer is that there is no
threat stated in the complaint of doing or intending to do
an illegal act.    It is not alleged that the defendant has
threatened or intends to enter upon the plaintiff's land until
after it has made full compensation therefor, as required by
the constitution and laws of the state.    R. S., secs. 477–481.
This essential averment cannot be supplied by inference.
*Diedrichs v. N. W. U. Railway Co.*, 33 Wis., 221.    The allegation that the defendant is about to enter and permanently
occupy, without first having acquired any right or title, or
leave or license so to enter, is merely the pleader's conclusion.    All things are presumed to be rightly and duly performed until the contrary is shown.    Broom's Leg. Max.,
636–7.    The *facts* necessary to show that a trespass is intended are that the town board has not fixed the value, and
defendant, through its officers, has not paid, tendered or deposited the ascertained amount, and that the defendant

AUGUST TERM, 1882.    403

Church vs. Joint School Dist. No. 12 of Germantown and Menomonee.

threatens and intends to take possession and occupy without such payment, tender, or deposit. Without these facts the complaint fails to state a cause of action.

ORTON, J. The complaint substantially charges that the school board of said district and its contractor are about to enter upon and appropriate and permanently occupy the land of the plaintiff for the purpose of building and constructing thereon a school-house, and its necessary appurtenances, for the use of said district, and the said board, or a majority thereof, threatens to do so without first having acquired any right or title to said land, or any leave or license to enter upon the same for such purpose, to the permanent and perpetual damage of the plaintiff. A perpetual injunction is prayed, and a preliminary injunction was granted, and an issue of fact made by answer for trial. The defendant, at the trial, on demurrer *ore tenus*, moved that the complaint be dismissed, and the motion was granted. This complaint for equitable relief can be sustained on one ground, and that ground has been sanctioned by this court in several analogous cases, and perhaps, and quite likely, it can be sustained on no other ground, and that is, that school districts have the right by statute (R. S., secs. 477 *et seq.*), to institute proceedings of condemnation of the lands of private owners for school-house sites; and this could have been done in this instance if the plaintiff had refused to sell or lease his said land for such purpose, and the defendant school district threatens to take and appropriate such land to such public use without first paying, tendering, or depositing the compensation therefor. The principle of these cases is "that an attempt to enter upon and take permanent possession of land for *public use* without the assent of the owner, and without the damages having been ascertained and paid or tendered, is, or would be, if consummated, in the nature of an irreparable injury, for the prevention of which the writ of in-

404        SUPREME COURT OF WISCONSIN,

Church vs. Joint School Dist. No. 12 of Germantown and Menomonee.

junction constitutes the proper remedy." This principle was first applied in a case closely analogous to this, in which a *town* threatened to take land for the purposes of a highway. *Norton v. Peck*, 3 Wis., 714. Then it was applied by analogy to the threatened taking of land by a railroad company for the use of its road. *Shepardson v. M. & B. Railroad Co.*, 6 Wis., 605, and again applied in *Powers v. Bears*, 12 Wis., 214, and lastly in *Diedrichs v. N. W. U. Railway Co.*, 33 Wis., 219. In this last case the complaint was held substantially defective, on demurrer, because it was not averred that the defendant threatened to take possession of the plaintiff's land without *first having paid or tendered* the compensation therefor. This complaint does not in *limited terms* contain this averment, and this point is also raised and urged on this demurrer.

The learned counsel of the appellant invokes the rule that the complaint should receive a more liberal construction in this respect, and a greater latitude of presumption should be indulged in where the point is first raised at the trial on demurrer *ore tenus*, than if the complaint had been formally demurred to at the usual time, and the case he cites of *Potter v. Taggart*, 54 Wis., 395, is certainly a very strong case for the application of this rule. But we think it no great stretch of liberality of construction, or very violent presumption, to construe the allegation in this complaint that the defendant threatens to take possession of the plaintiff's land "without first having acquired any right or title thereto, or any leave or license to enter upon the same," as substantially stating that the defendant threatens to take said land without first having paid, tendered, or deposited the compensation therefor, as required by the statute, as a condition precedent to acquiring *any right or title thereto*. If the complaint had stated that the defendant threatens to take said land without first having acquired any right or title thereto *by paying, tendering, or depositing the compensation therefor*, the

learned counsel of the respondent would not be likely to complain of any defect, in this respect, for this is one method only of acquiring the right and title thereto. If the defendant had so paid, tendered, or deposited the compensation therefor, it had acquired the right and title thereto, otherwise not. So that the allegation of the complaint is the broader, and includes that which it is asserted is not made in terms. It is the broader because it embraces a *negative* of all methods by which the defendant could acquire any right or title to the land of the plaintiff, including this statutory method. If the complaint ought to *negative* all right of the defendant to enter and appropriate the land in question, then the allegation should be broad enough to embrace *purchase and gift* as well as condemnation, and the payment, tender, or deposit of the compensation ascertained according to the statute; and if it did not, it might have been liable to demurrer on that account. The demurrer should have been overruled, and the motion to dismiss the complaint denied.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.