UR
EN vs. WALSH and others, Supervisors, etc.

*January 30 — February 20, 1883.*

EQUITY: INJUNCTION: PARTIES. *(2) Taking of land by town supervisors, when enjoined. (1) Action against supervisors or town?*
ORDER: APPEAL. *(3) When order is "entered." (4) Waiver of service of copy of order.*

1. An action to restrain the removal, as an encroachment, by the supervisors of a town, of a fence which the complaint alleges to be wholly upon the plaintiff's land and to have been kept up and maintained as a lawful fence for more than ten years, may be brought against such supervisors, and the town itself is not a necessary party thereto.

2. Where the supervisors of a town threaten to enter upon and permanently occupy land for a public highway, against the will of the owner, and without having acquired a right thus to use it by proceedings taken for that purpose under the statute, such owner is entitled to an injunction to prevent the injury. *Church v. Joint School District*, 55 Wis., 399.

3. When a written order is signed by the judge and filed with the clerk, who enters a brief statement thereof in his minute book, the order is *entered* within the meaning of sec. 3042, R. S. (limiting the time for appeal), although not recorded in the order book until some days later.

4. Whether there can be a parol waiver of service of a copy of the order and written notice of its entry, is not determined. If so, no effect should be given to such waiver, unless it is established by clear and satisfactory evidence.

APPEAL from the Circuit Court for *Iowa* County.

The substance of the complaint is stated in the opinion. The defendants demurred thereto generally, and on the ground that there was a defect of parties defendant, and appealed from an order overruling the demurrer.

For the appellants' there was a brief by *Wilson & McIlhon*, and oral argument by *Mr. Wilson*. They contended, *inter alia*, that the action should have been brought against the town. There is no allegation that the town board are acting wilfully or in bad faith, and there is nothing in the

complaint to show but that they are trying in good faith to discharge a public duty and secure a public benefit. Hence the town, if any one, is liable. *Hurley v. Texas*, 20 Wis., 634; *Lee v. Sandy Hill*, 40 N. Y., 442; *Fishkill Savings Institute v. Bostwick*, 19 Hun, 356; *Squiers v. Neenah*, 24 Wis., 588; *Scrafford v. Gladwin*, 42 Mich., 464; *Wilson v. Mineral Point*, 39 Wis., 160.

*Moses M. Strong*, for the respondent.

COLE, C. J. 1. The first objection taken to the complaint is that there is a defect of parties defendant. It is said the action should have been brought against the town of Wald-wick and not against the supervisors of the town, *eo nomine*. But the learned counsel for the plaintiff gives this very satis-factory answer to the objection by saying that the removal of the fence, which was threatened by the defendants, was an unauthorized personal act, from the execution of which they only could be personally restrained. The fact that the defendants threatened to commit the trespass under color of their office as supervisors, would certainly afford no excuse or justification for the act if it were unauthorized and un-lawful, as alleged. For if the fence were not an encroach-ment upon any highway the defendants had no right to interfere with or remove it; and by doing so they would be committing a trespass for which they would be personally responsible.

The general principle of law is, if officers of a corporation do not act within the scope of their authority, the corpora-tion is not liable for their unlawful acts. *Hurley v. Town of Texas*, 20 Wis., 634; *Owens v. City of Milwaukee*, 47 Wis., 462; *Wallace v. City of Menasha*, 48 Wis., 79. Where, how-ever, the corporation directs the unlawful act to be done, or receives the benefit of it; or where public officers, having competent authority to act on the general subject matter, perform the act, not knowing it to be unlawful at the time,

with an honest view to secure for the public some benefit or advantage,—there a different rule obtains. *Squiers v. Village of Neenah*, 24 Wis., 588; *Matteson v. Town of Rosendale*, 37 Wis., 254; *Hamilton v. City of Fond du Lac*, 40 Wis., 47. But the facts stated in the complaint take the case out of any exception to the general principle; for the defendants must have known there was no lawful highway at the *locus in quo*, if the fence had been kept up and maintained as a lawful fence for more than ten years when they gave the order for its removal. They were then acting clearly without authority in the matter, and for their trespass the town would not be responsible. But if we are wrong in this view, still it is apparent that the town can only be prevented from executing the threatened injury by restraining the supervisors who represent and act for it. The injunction would be of no avail against the town alone, which, as a corporation, can only act through its officers and agents. Making the town, therefore, a party defendant, would, at most, be a mere formality. Consequently, we think the first objection to the complaint untenable.

2. The second objection to the complaint is that it does not state facts sufficient to constitute a cause of action. The complaint in substance alleges that the plaintiff is the owner in fee of the land described; that he is in the actual and exclusive possession of the same; that the land is inclosed with a substantial fence, and a large part under cultivation; that there is a lawful rail fence across the north part of the N. E. ¼ of the S. W. ¼, one rod south from and parallel to the north line of the quarter-quarter section, which has been maintained for more than ten years; that the defendants, acting as a town board, made and served upon plaintiff an order requiring him to remove this fence because it was within the limits of a public highway. It is alleged that no highway ever existed upon any part of the quarter-quarter section; that the fence is not within the

limits of any highway; that the defendants threatened to remove the fence and use a strip of his land as and for a highway; that the removal of this fence will subject his entire farm to encroachments from cattle running at large, and will occasion him irreparable damage and injury, for which he has no adequate remedy at law. He asks for an injunction against the defendants, and their successors in office, restraining them from removing the fence or causing it to be removed.

From these allegations it appears that the defendants, acting as a town board, are threatening to enter upon the plaintiff's land and permanently occupy a strip of it for a public highway, against his will, and without having acquired a lawful right thus to use it by proceedings taken for that purpose under the statute. On such a state of facts the plaintiff is entitled to an injunction to prevent the injury, under the decisions of this court. In the recent case of *Church v. Joint School District*, 55 Wis., 399, this court sustained an injunction against the officers of a school district who were about to enter upon, appropriate, and permanently occupy the plaintiff's land for the purpose of erecting a school-house and other necessary buildings thereon against the owner's consent, and without having acquired any right or title to the land. The principle or ground upon which the relief was granted in such a case is, says Mr. Justice ORTON, "that the attempt to enter upon and take permanent possession of land for *public use* without the assent of the owner, and without the damages having. been ascertained and paid or tendered, is, or would be, if consummated, in the. nature of an irreparable injury, for the prevention of which the writ of injunction constitutes the proper remedy." This was adopting the language of Chief Justice DIXON in *Bohlman v. Green Bay & Lake Pepin Railway Co.*, 30 Wis., 106, where the doctrine was so announced. The underlying principle of these decisions has been acted on in other cases

which have come before the court. In addition to those cited in the opinions in the *Church* and *Bohlman* cases, see, also, *Flanders v. Wood*, 24 Wis., 572. An obvious distinction exists between the cases where officers of a corporation are proceeding to appropriate land to the use of the public, and an ordinary trespass. In the latter case there is no attempt to permanently occupy and take from the owner the enjoyment of his property, though his possessory rights may be invaded. Therefore, when the trespass is by an individual, an action at law against the wrong-doer will ordinarily afford an adequate remedy. But in such a case, should it appear that the threatened injury is in its nature irreparable,— one which cannot be compensated for in damages,— an injunction will be granted to prevent its execution. Such was the case of *Wilson v. City of Mineral Point*, 39 Wis., 160, though the relief there might well have been rested upon the ground above indicated.

3. A motion was made to dismiss the appeal herein, which has already been decided. The ground of the motion was that the appeal was not taken within the time limited by statute. It appears that a written order overruling the demurrer was drawn up and signed by the circuit judge in open court, and was filed with the clerk on the 17th day of June, 1882. An appeal from that order was not perfected within thirty days from that date. It further appears from the affidavit of the clerk that he did not enter this order *in extenso* upon the order book until several days after it was made and filed with him. A question was made as to when an order was to be deemed *entered*, so that a party, by serving a copy thereof with a written notice of the entry of the same, could set the statute running. It was claimed by the learned counsel, resisting the motion to dismiss, that an order was not entered until recorded at length upon the order book. We think otherwise. The statute makes it the duty of the clerk to keep a minute book, in which he is required to enter

Uren vs. Walsh and others, Supervisors, etc.

a brief statement of all proceedings had in open court, showing all motions and orders made. Subd. 4, sec. 742, R. S. Now, when a written order is drawn up and signed by the judge and filed with the clerk, who enters a brief statement thereof in his minute book, showing the substance of the order, this is an entry of it within the meaning of the statute. The counsel for the respondent might have set the statute running in this case by serving upon the opposite party a copy of the order, with a written notice of the entry of the same, on the 17th of June. It is admitted that this was not done. But respondent's counsel, in his affidavit, says there was an express waiver by parol of the service of such copy and written notice. This, however, is denied in the affidavit of appellant's counsel. There is, manifestly, some mistake of fact or misunderstanding between counsel which we shall not attempt to reconcile. It shows the wisdom of the rule requiring the agreements of counsel to be reduced to writing. Nor do we feel called upon, under the circumstances, to decide whether there could be a parol waiver of service of a copy of the order and written notice of the entry of the same; for, certainly, no effect should be given to such a parol waiver unless the fact of waiver was established by clear and satisfactory testimony. That was not shown in this case.

*By the Court.*— The order of the circuit court is affirmed.