(Judge Price of the Third Circuit taking the place of Judge Kibler.)

STATE OF OHIO EX REL. V. SEWARD, PROBATE JUDGE.

1. PRIORITY OF LIENS—TRUE DATE OF DECREE IS DATE OF ITS ENTRY UPON THE JOURNAL.

Where, in an action by an administrator to sell real estate, in which several lien holders are made parties, and there is a contest as to priorities, and the matter is submitted and taken under advisement by the probate court, until a certain day, when the priority of liens is orally announced, without an accurate or exact finding of amounts, and the court directs counsel to prepare an entry showing amounts, and a full finding and decree, which is done, and entered upon the journal, the true date of such finding and decree is the date of its entry upon the journal and a party thereto may perfect his appeal within the statutory time thereafter. Mandamus to compel probate judge to enter such finding and decree as of date when priorities were orally announced refused.

MANDAMUS.

PRICE, J.

This is a petition for mandamus. In September, 1895, there was an action pending in the probate court of Licking county, between Jonathan V. Hilliard, as administrator of the estate of John Strawn, deceased, and also Jonathan V. Hilliard in his individual capacity, as plaintiffs, and Carrie Sanford, with certain others, together with the Union Central Life Insurance Company, as defendants.

The object of the proceeding, as we gather it, was to sell certain real estate to pay debts, and to determine the amounts, validity and priority of the liens on the premises. The principal controversy, however,

was between the Union Central Life Insurance Company, and the other parties plaintiff and defendant who were interested in the premises. Motions to pleadings had been disposed of and issues were joined, so that on September 22, 1895, the cause was heard upon its merits. Arguments of counsel were made, and the case submitted to the court for its determination, the result to be announced at some future day, of which counsel for the parties should have notice. Notice was given for counsel to appear before that court on October 18, 1895, and on that day the court announced orally its conclusions on the facts and the law of the case, concerning the various questions submitted, and gave to counsel time to make necessary calculations of amounts due, and prepare an entry embracing the same, with the findings and orders of the court which would be proper to follow. No oral announcement was made of the amounts due by either of the parties claiming liens on the premises; nor are we informed that any order or decree was made or announced by the court at that time or on that day; the evidence that we have, being simply that on that day he announced his conclusions of fact and law. Time—no definite period being mentioned—was allowed counsel to prepare a proper entry covering the entire case heard and submitted. It further appears that the relator—the Insurance Company, had the larger claim on the assets of the estate which had been converted into money, and, so far as the amount was concerned, was largely interested in having a speedy as well as correct record made of the judgment and decree of the court, and upon its counsel devolved a large part of the responsibility of drawing such entry. Another fact which appears is, that at that time the probate court kept no trial docket nor minute book upon which any memoranda of his findings, orders or decree could be made. On November 12, 1895, counsel had agreed upon the entry which they had been directed to draft. It was furnished to the court as the entry upon which the parties had agreed, and it was recorded upon the journal as of that day, and showing that the finding, order, and decree of the court were made on November 12. It is shown that on that day the plaintiff gave written notice of his intention to appeal the case to the court of common pleas; which appeal was afterwards perfected; and, for that matter, it appears also from the transcript introduced in evidence that the Insurance Company also gave notice of its intention to appeal. But we attach no importance to that, whether it be a fact or not. Nor do we give any weight to that part of the entry wherein the court found that notice of appeal was given within twenty days, as required by law; because it clearly appears that the entry was made of record on November 12, 1895.

The relator sought, by motion, in the probate court, to correct the entry so as to show that the order and decree were in fact made on October 18, which, if true, and the record would so show, will place the notice of appeal beyond the twenty days allowed by law. This application for mandamus is made asking this court to compel the probate judge (he being his own clerk) to correct the entry made of November 12. Should we allow the writ?—is the question raised on the facts before stated, and which we find to be the facts in the case.

It is well to look to the sections providing for appeal in such cases from the probate court, because the language of those sections may throw some light upon the subject in controversy. I read first from sec. 6407, Rev. Stat.

"In addition to cases specially provided for, appeals may be taken to the court of common pleas, from any order, decision, or judgment of the probate court in settling the accounts of an executor, administrator, guardian and trustee, and assignees, trustees and commissioners of insolvents; in proceedings for the sale of real estate for the payment of debts."

Then, from sec. 6408 :

"The person desiring to take an appeal, as provided in the preceding section, shall within twenty days after the making of the order, decision or decree from which he desires to appeal, give a written undertaking, executed on the part of the person appealing, to the adverse party."

Was there any judgment, order, or decree rendered or made on October 18? Or, on that day, did the court merely announce the lines upon which a judgment and order would be made, to furnish counsel present, simply an outline or skeleton as to the form the judgment or order would assume when put together and the work completed? It does not appear that any order or decree was formally or orally announced on October 18 ; nor was there a finding of any particular amount due to the claimants ; but the court did announce the order of the liens. He announced his conclusions of fact and law, it is said. What conclusions of fact, and what conclusions of law ? They do not appear in this case. If it is sought to establish, independent of the record, that a certain finding of fact was made by the court, and a certain conclusion of law reached by it, the proof should be somewhat clear as to what such finding and conclusions were. The judgment or order, existing in parol, if it can so exist, must be distinct, in formal and binding terms, even if it be oral, as is the entry of the same when made of record. There must be no more uncertainty as to what the judgment and finding in parol may be, than as to the meaning of the record when the record is made. There was no finding of any amount, as we have said, that was due to either party. If the court found a certain amount due to one or the other of the contesting parties, perhaps an appeal would not be desired. Whereas, if it exceeded that in any material or substantial sum, an appeal would be desired. That matter could only come home to the party when the calculations had been completed and the entry made. The proof falls below the standard named, we think—the only safe standard in this case ; and especially where we are called upon to force, by a peremptory order, the probate judge, or clerk of the probate court, to so change an entry as to show its action to have taken place on October 18, instead of on November 12.

We hold that there was no finding, judgment, or order made on October 18, in the legal sense; that the same were made on November 12, in the legal sense, the time to which the case was passed for the formulation of the findings and the order of the court.

For these reasons, the writ of mandamus is refused, at the costs of relator, and judgment for costs.