Swennes, Respondent, vs. Sprain and others, Appellants.

*November 19—December 11, 1903.*

*Pleading: Equity: Injunctions: Highways: Encroachments:* Res adjudicata: *Same cause of action: Estoppel: Justices' courts: Practice.*

1. The allegations of a complaint for an injunction to restrain town officers from removing a, fence which was claimed to be an encroachment on the public highway, and containing allegations of a previous action in the name of the state against the present plaintiff for the purpose of collecting a forfeiture for the maintenance of an encroachment upon a highway at the *locus in quo,* and judgment therein in favor of the state, examined and *held* to state a good cause of action in equity.

2. In order that the judgment in an action may be *res adjudicata* upon all questions which might have been litigated, the second litigation must be between the same parties or their privies, and upon the same cause of action.

3. An action under sec. 1331, Stats. 1898, to recover a penalty for the maintenance of an existing fence which encroached on the highway, where only the question of encroachment was pleaded and litigated, and an action in equity to enjoin the removal of a contemplated fence upon substantially the same line, while the same legal principles might be decisive in both cases, are not both founded on the same cause of action.

4. Where, in the trial of an action by the state to recover a penalty for maintaining an encroachment on a public highway, the only question litigated was whether the fence constituted an encroachment, no question as to the title to the land on which the fence stood, or the legality of the highway, being raised, litigated or decided, the judgment in that action is not *res adjudicata* in a subsequent action raising the question of title.

5. In an action in equity to restrain the removal of a fence claimed to be an encroachment, plaintiff alleged title to the *locus in quo,* and set up a former action in the name of the state, brought in justice's court, to recover a penalty for maintaining an encroachment; that therein the title to the *locus in quo* was not raised, litigated or decided, and that judgment was entered therein in favor of the state. *Held,* that the defense of title was entirely available to plaintiff in the action in justice's court by plea and certification to the circuit court, in which plaintiff had not been prevented by fraud, accident or mistake, and hence failure to plead title in that action prevented a court of equity from affording him affirmative relief on that ground.

APPEAL from an order of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Reversed.*

This is an action in equity brought to enjoin the supervisors and highway officers of the town of Barre, La Crosse county, from removing a fence which they claimed to be an encroachment upon the common highway. The complaint, after stating the official character of the defendants, alleges, in substance, that the plaintiff owns and occupies a certain described forty-acre tract of land in the town of Barre; that in December, 1901, the defendant supervisors caused an action to be commenced in a justice court in the name of the state against the plaintiff for the purpose of collecting a forfeiture for the maintenance of an encroachment upon a highway of said town, claiming that the plaintiff's fence on the west side of said forty acres constituted said encroachment; that issue was joined in said action solely on the question whether said fence constituted an encroachment, and the question of the plaintiff's title to the strip of land on which the fence stood, or as to whether the legal highway in fact existed, was not raised, litigated, or decided in said action; that the said action was tried, and judgment rendered therein that said fence encroached on the highway twenty links at the north end, and thirty-three links at a point fifteen chains south of the north line, and adjudged that plaintiff pay a penalty of $5 and costs of suit, and remove such encroachment within twenty days; that the plaintiff appealed from such judgment to the circuit court, which court decided that such appeal could be heard only on the original papers and return of the justice, and rendered judgment affirming the judgment of the justice, except as to a trivial change in the amount of encroachment, and adjudged that the fence be removed within twenty days from February 21, 1902; that the plaintiff now owns, and for many years has owned and occupied adversely, said strip of land, and that the same constituted no part of any highway, and that the fence has been

maintained for more than thirty years last past, but that the defendants, April 27, 1902, forcibly entered and removed said fence, and that plaintiff thereafter rebuilt the same, but the defendants removed the same again, and threatened to continue to remove said fence whenever it should be rebuilt, and to permanently use and occupy said strip of land as part of the highway; that the said forty-acre tract is a part of the plaintiff's farm, on which the plaintiff raises large crops and pastures large numbers of cattle, and that it is necessary that said farm be kept fenced, in order to protect the said crops, and to keep said cattle from straying away; and that the plaintiff has no adequate remedy at law. To this complaint the defendants demurred generally, which demurrer was overruled, and the defendants appeal.

The cause was submitted for the appellants on the brief of *Higbee & Bunge.*

*A. E. Bleekman,* for the respondent.

WINSLOW, J. The complaint doubtless states a good cause of action in equity, unless the allegations concerning the previous encroachment action and the judgment rendered therein make it demurrable. *Uren v. Walsh,* 57 Wis. 98, 14 N. W. 902. The appellants claim that the judgment in the encroachment action is *res adjudicata* upon all questions which might have been litigated in that case. This claim cannot be sustained. In order to have such an effect, the second litigation must be between the same parties or their privies, and upon the same cause of action. *Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589. If it be conceded that the present action is substantially between the same parties as the encroachment action, it manifestly is not upon the same cause of action. The encroachment action was an action under sec. 1331, Stats. 1898, to recover a penalty for the maintenance of an existing fence which encroached upon the highway. The present action is an action in equity to enjoin the super-

visors from removing a contemplated fence upon substantially the same line. While, under proper pleadings, the same legal principle might doubtless be decisive in both cases, it would be a misnomer to say that they are both founded upon the same cause of action. So the judgment in the encroachment action is only *res adjudicata* in this action upon questions which were actually litigated and decided in the former action.

Undoubtedly the defense of no highway, or, in other words, of title to the strip, might have been pleaded in that action; but the complaint alleges that only the question of encroachment was there pleaded and litigated, and this allegation is, of course, conclusive on demurrer. The two questions are separate and distinguishable. *Soule v. State,* 19 Wis. 593. Thus it clearly appears that the judgment in the encroachment action is not *res adjudicata* in this action upon the question of title, because that question was not litigated, and the present action is not upon the same cause of action.

Appellants, however, invoke another legal principle which is fatal to the complaint. The defense of title was entirely available to the plaintiff in the encroachment action. He should have pleaded it in justice's court, and the case would have been certified to the circuit court on the plea of title. He was not prevented from doing so by fraud, accident, or mistake. In this situation, equity will not afford him relief. He should have made his defense when he had a clear opportunity at law in an action where a jury could have been had. Having failed to do so, it has become what is called a "pretermitted defense," to which equity will not listen as a ground for affirmative relief. *Stein v. Benedict,* 83 Wis. 603, 53 N. W. 891.

*By the Court.*—Order reversed and action remanded, with directions to sustain the demurrer, and for further proceedings according to law.