## TOWN OF SYRACUSE *v.* WEYRICK.

[No. 5,513. Filed January 3, 1906.]

1. **EMINENT DOMAIN.**—*Streets.*—*Municipal Corporations.*—Towns have the right to exercise the power of eminent domain for the widening of streets but until the statutes prescribing the method of condemnation have been fully complied with, such towns have no right to take lands for such purposes.   p. 58.

2. INJUNCTION.—*Municipal Corporations.*—*Streets.*—Injunction lies to prevent a municipal corporation from taking plaintiff's lands for the purpose of widening its street when no proceedings have been taken to acquire such lands. p. 58.

3. SAME.—*Appropriation of Lands.*—*Adequate Remedy at Law.* —*Trespass.*—The law affords no adequate remedy by an action for damages in a case where a town is threatening to appropriate plaintiff's lands for street purposes, injunction being the only effectual remedy. p. 58.

From Kosciusko Circuit Court; *Edgar Haymond,* Special Judge.

Suit by Emma Weyrick against the Town of Syracuse. From a decree for plaintiff, defendant appeals. *Affirmed.*

*A. L. Cornelius* and *J. M. Van Fleet,* for appellant.
*Frazer, Biggs & Frazer,* for appellee.

MYERS, J.—This is an action by appellee to enjoin appellant from taking a portion of her land, without right, for the purpose of widening one of its streets.

The complaint is in two paragraphs. A demurrer for want of facts was overruled to each paragraph, and appellant answered by a general denial. Trial and judgment in favor of appellee perpetually enjoining appellant from taking her land for the purpose of a highway or a street, "unless and until defendant shall proceed for such purpose according to law by proper proceedings for condemnation of plaintiff's said premises, and the appointment of commissioners to assess benefits and damages." From this judgment defendant below prosecutes this appeal, and assigns as error the overruling of the demurrer to each paragraph of the complaint. Appellant contends that each paragraph of the complaint is insufficient, because (1) there is no averment that appellant is insolvent or unable to pay the damages which appellee might sustain; (2) there is no allegation specifying the amount of land that appellant is threatening to take, or its value; and (3) appellant has an adequate remedy at law. It appears from each

paragraph of the complaint that appellee is a resident of the town of Syracuse, and the owner and in possession of certain real estate having a frontage of 300 feet on one of the streets of said town; that for the purpose of widening such street appellant is threatening to, and will unless enjoined, enter upon her said lands so fronting on said street, and throw open to the use of the public as a permanent highway a strip several feet wide, the exact width unknown to her, without her consent, and without acquiring any right under the statute authorizing it to take her property for such use.

1. The General Assembly of this State has vested incorporated towns with the power to open new streets, and to widen and straighten existing streets, and to take and use private property for that purpose. But the taking of such property is unauthorized until the statutory provisions precedent to the taking of the same have been complied with, or the consent of the owner otherwise obtained.

2. Appellant, not having secured the right permanently to locate a public highway on appellee's land in any of the modes authorized by law, may, in an action for that purpose, be prevented by injunction from so doing. *City of New Albany* v. *White* (1885), 100 Ind. 206, and cases cited; *Town of Hardinsburg* v. *Cravens* (1897), 148 Ind. 1.

3. In the case at bar the threatened trespass is of a permanent character, and its effect is to exclude appellee from the enjoyment of a portion of her property, and is widely different from a trespass of a temporary or a fleeting nature. For the latter, ordinarily the law provides an adequate remedy, and for this reason usually an injunction will not be granted. But in the former, as was well said by the court in *Poirier* v. *Fetter* (1878), 20 Kan. 47: "Here the act sought to be enjoined is not a mere naked trespass. It disturbs the plaintiff's

possession, and will, if permitted to continue, ripen into an easement. User will establish a highway, and the officer is attempting to create the user. The law will protect a landowner in his possession against any unauthorized interference therewith. See, as cases in point, among a multitude, *McArthur* v. *Kelly* [1831], 5 Ohio 139; *Moorhead* v. *Little Miami R. Co.* [1848], 17 Ohio 340; *Anderson* v. *Commissioners, etc.* [1861], 12 Ohio St. 635; *Bohlman* v. *Green Bay, etc., R. Co.* [1872], 30 Wis. 105; *Diedrichs* v. *Northwestern Union R. Co.* [1873], 33 Wis. 219; *Weigel* v. *Walsh* [1870], 45 Mo. 560; *Carpenter* v. *Grisham* [1875], 59 Mo. 247. The threatened loss of his land, is the irreparable injury, and it matters not how solvent he may be who seeks to take it or to transfer it to the public use, the courts will protect the possession of the owner." See, also, *Ryan* v. *Brown* (1869), 18 Mich. 196, 211, 100 Am. Dec. 154; *Church* v. *Joint School District, etc.* (1882), 55 Wis. 399, 13 N. W. 272; *Uren* v. *Walsh* (1883), 57 Wis. 98, 14 N. W. 902; 1 High, Injunctions (3d ed.), §578.

Each paragraph of the complaint is sufficient.

Judgment affirmed.