G. W. FISHER v. J. C. FISHER AND TOXAWAY COMPANY ET AL.

(Filed 13 December, 1913.)

**Appeal and Error—Notice of Appeal—Judgment Rendered Out of Term—Receipt by Clerk—Computation of Time—Certiorari.**

Where by consent of the parties a judgment in the Superior Court is rendered after the expiration of the term in which the action has been tried, and sent by mail to the clerk of the court, with mailed notice to the appellant from the judge that this has been done, the time within which notice of appeal to the Supreme Court may be given is computed from the time the judgment has been received by the clerk, and not from the time the appellant has received the judge's notification that he had signed the judgment; and where the judge improperly refuses to settle the case on appeal for want of statutory notice given to the appellee, a *certiorari* from the Supreme Court will lie.

CLARK, C. J., dissenting.

APPEAL by defendants from *Adams, J.,* at Spring Term, 1913, of TRANSYLVANIA.

This is a petition for a *certiorari* to require the judge of the Superior Court to settle the case on appeal, he having declined to do so upon the ground that the defendant had lost his appeal by failing to serve his notice of appeal within the statutory time.

Upon the application to settle the case, his Honor found the facts and ruled thereon as follows:

1. On the last day of the term the exceptions to the report of the referee were fully argued by counsel, and at the conclusion of the argument counsel consented that the court might take the papers to Asheville and consider the arguments and the exceptions.

2. After considering the evidence, arguments, and exceptions, the court prepared a draft of the judgment and forwarded it to the plaintiff's attorney in June, requesting him to confer with an attorney for the defendant and ascertain whether they could agree on the commissioners to be appointed. Nothing was heard from the attorneys until after the close of the courts in the Fifteenth Judicial District, and the undersigned had returned to his home in Carthage.

3. After considerable correspondence, it was finally agreed that the judgment might be signed anywhere in the State and in vacation.

4. The judgment was then immediately signed, and at the request of plaintiff's counsel was sent to him at Hendersonville, together with other papers in the cause, on 28 June, 1913. At the same time a letter was mailed to W. W. Zachary, one of the attorneys for the defendant, at Brevard, notifying him that the draft of the judgment originally submitted had been signed and sent to Judge Ewart, plaintiff's attorney. W. W. Zachary, attorney for the defendant, had previously written the undersigned that he had examined the judgment, and had consented that it should be signed, as heretofore stated.

5. The judgment and other papers in the cause were sent by Judge Ewart to the clerk of the Superior Court at Brevard, 30 June, 1913, by express, and were received the same day by

the express agent at Brevard, who notified the clerk of their receipt through the postoffice, 1 July, 1913.

6. On 30th June Judge Ewart wrote the clerk at Brevard to mark the judgment filed as of that date.

7. On 1st July Judge Ewart wrote Mr. Zachary that he had sent by express to the clerk at Brevard the judgment and other papers in the cause, and that he could, if he desired, serve notice of appeal on Judge Ewart or on the plaintiff.

8. That the papers sent by Judge Ewart to the clerk by express were not prepaid, and the clerk, for this reason, refused to take the papers out of the express office, and so notified the defendant's counsel. The clerk afterwards changed his mind and took the papers to his office on 8th July, but did not notify defendant's counsel until 12th July that he had done so.

9. On 17 July the defendant caused to be served on Judge Ewart a notice of appeal from the judgment, and on 31st July caused its statement of case on appeal to be served upon him.

10. On 8 August, 1913, the plaintiff's attorney prepared a "counter-case and exceptions" and placed this paper in the hands of an officer, who made the following return: "Executed the within by reading the contents to O. W. Clayton, of Zachary & Clayton, attorneys, for defendant, The Toxaway Company. This 8 August, 1913. J. H. Pickelsimer, Sheriff, by W. H. Harris, D. S."

11. On 13th August the plaintiff caused to be served on the defendant's attorney notice that he would make a motion before the undersigned, at Monroe on 25th August, to "strike from the files of the clerk and to disallow the appeal on the ground that notice was not given within the statutory period."

12. At the same time and place, after notice, the defendant moved to adopt its statement and to disallow the exceptions or counter-case of plaintiff.

The court further finds:

13. That Judge Ewart reserved and did not waive his right to move to disallow defendant's statement of case on appeal, by causing the counter-case to be served; the counter-case containing the statement that it was "not intended to waive any rights

of plaintiff to move to strike appeal from the files of the clerk."

14. A letter mailed at Carthage, 28th June, would reach Brevard, the residence of Mr. Zachary, in due course before 1st July.

15. A letter mailed at Hendersonville, the residence of Judge Ewart, would reach Brevard in due course within a few hours, there being daily trains between these places.

16. The court finds no evidence in the record that the defendant, appellant, caused its appeal to be entered by the clerk on the judgment docket.

17. The plaintiff did not return the defendant's statement of case on appeal with his exceptions or counter-case attached or indorsed, and that the same was served as hereinbefore stated within ten days after the appellant's statement of case was served on appellee.

The court further finds:

18. Conceding that the failure of the clerk to take the papers from the express office (although the defendant's attorney was notified on 1st July that the papers had theretofore been sent to the clerk by express) cannot be imputed to defendant as laches, still Mr. Zachary, attorney for defendant, knew the contents of the judgment, which had previously and before signing been submitted to him, and had actual notice of the rendition of the judgment by letter from the undersigned, written 28th June, and from plaintiff's counsel, written 1st July.

Conclusion of law:

The judgment having been rendered by consent out of term, and in vacation, it was the duty of the defendant, appellant, to take its appeal within ten days after notice of the judgment, and as notice of appeal was served on plaintiff on 17th July, more than ten days after notice of the judgment, and the statement of the case was served on 31st July, the court is of the opinion that neither the notice of appeal nor the statement on appeal was served within the time required by law, and for that reason disallows defendant's appeal, and orders it stricken from the files.

*H. G. Ewart* for *plaintiff.*
*J. H. Merrimon* for *defendant.*

ALLEN, J. If the defendant has lost the right to appeal by its own laches, in failing to give the notice of appeal within the statutory time, the *certiorari* ought not to issue; and, on the other hand, if the notice was served in time, it is entitled to the writ in order that the case may be settled and the appeal heard.

The defendant knew on 1 July, 1913, that a judgment had been signed denying its claim; the judgment reached the office of the clerk of the Superior Court on 8 July, 1913, and the notice of appeal was served on 17 July, 1913.

If, therefore, time is to be counted against the defendant from 1st July, when it knew that judgment had been signed, it has lost the right of appeal, because notice thereof was not served within ten days; but if from 8th July, when the judgment was filed with the clerk, the defendant has complied with the statute.

When a judgment is rendered out of term, the party desiring to review it must take his appeal "within ten days after notice thereof" (Revisal, sec. 590), and within this time must cause notice of appeal to be served on the adverse party. Revisal, sec. 591.

Within ten days after notice thereof, means ten days after notice of the rendition thereof, and the determination of the question before us depends on whether a judgment out of term is rendered when it is signed or when it is filed with the clerk.

If the latter is the correct construction, the defendant had notice that a judgment had been signed on 1st July, but did not have notice of the rendition of a judgment until 8th July.

The authorities furnish us very little aid, and as either construction is permissible, we are properly influenced by our conception of the safest and most convenient rule.

Many difficulties may arise, which will create confusion and uncertainty, if we hold that a letter from the judge that he has signed a judgment is notice of its rendition. Did he write the letter? When? Did he mail it? When? Did he change the judgment after writing? Did the attorney receive the letter, and when? and other questions which, in the event of controversy, the judge, whose acts are being investigated, must pass upon.

Again, the careful and experienced lawyer cannot decide what to do until he has seen and read the judgment. He takes no man's word as to what is in a contract, deed, will, or judgment, but must examine the paper before determining upon a line of action.

Judgments signed out of term are entered as of the term, and in *McDowell v. McDowell,* 92 N. C., 228, it is said: "The judgment must be entered as of the term of the court at which the question to be decided or the matter to be acted upon was presented to the court, and the day of entry should be noted on the record." And again in the same case: "When the judgment shall be entered, the appellants, if they shall then be dissatisfied with it, may thereafter, by some appropriate proceeding, have it reviewed in this Court."

It was also held in *Harrell v. Peebles,* 79 N. C., 32, that it should appear by the record when a judgment signed out of term was rendered and when recorded, and in *Shackelford v. Miller,* 91 N. C., 185, that the date of entering should always be noted on the record.

These cases are not authoritative upon the question before us, because it is necessary to make the entry upon the docket for other purposes than an appeal, but they serve to show that as the clerk is required to note the date of entry on the docket, this furnishes a definite and fixed period from which to compute the time.

That the entry on the docket is important in its relation to the appeal seems to be the opinion of the *Chief Justice,* who prepared the article on "Appeal and Error" in Cyc., vol. 2. He says on p. 626: "In order that a judgment may be reviewed by an appellate court, it must be entered in permanent form as a record of the court. The entry must be intended as an entry of judgment." And he makes the following annotation upon the text: "On the consideration of the question as to when the time allowed within which to perfect an appeal begins to run, the following rulings have been made as to when a judgment is to be considered entered:

"*California*—When it is 'entered at length in the minute-book of the court.' *Matter of Pearson,* 119 Cal., 27, construing Cal. Code Civ. Proc., secs. 1704, 1715.

"*New York*—When it is left with the clerk to be copied into the records. *Gay v. Gay,* 10 Paige (N. Y.), 369.

"*Ohio*—At the date of filing in accordance with a direction to counsel to prepare and file a decree on lines stated, and not at the time of such announcement and direction. *S. v. Seward,* 16 Ohio Cir. Ct., 443; 9 Ohio Cir. Dec., 168.

"*Texas*—When it is entered on the minutes of the court. *New Birmingham Iron, etc., Co. v. Blevens,* 12 Tex. Civ. App., 410.

"*Wisconsin*—When it is entered in brief on the minute-book of the clerk, though not recorded at length upon the order book. *Uren v. Walsh,* 57 Wis., 98, construing Wis. Rev. Stat., sec. 3042."

We are, therefore, of opinion that it is the wiser rule, and so hold, that the time for service of notice of appeal begins to run when the judgment reaches the office of the clerk, and that the petitioner is entitled to the writ of *certiorari,* as prayed for.

Petition allowed.

CLARK, C. J., dissenting: This case was argued upon exceptions to the referee's report, and, by consent, Judge Adams was to render his decision in vacation and out of the district. The sole question is within what time the appeal must be taken from such judgment.

Revisal, 590, provides: "The appeal must be taken from a judgment rendered out of term, within ten days *after notice* thereof." The judge finds as a fact, "Mr. Zachary, attorney for defendant, knew the contents of the judgment, which had previously and before signing been submitted to him, and had *actual notice* of the rendition of the judgment by letter from the undersigned, written 28 June and from plaintiff's counsel, written 1 July."

The judge having found as a fact that the defendant had received *"actual notice"* of the rendition of the judgment 28 June,

and again on 1 July, and knew the contents of the judgment, which had been previously submitted to him, it would seem that under the provision of the statute, Revisal, 590, the appeal should have been taken "within ten days" after such notice.

His Honor's conclusion of law is as follows, which it seems to me ought to be sustained: "The judgment having been rendered by consent out of term, and in vacation, it was the duty of the defendant, appellant, to take its appeal within ten days after notice of the judgment; and as notice of appeal was served on plaintiff on 17 July, more than ten days after notice of the judgment, and the statement of the case was served on 31 July, the court is of the opinion that neither the notice of appeal nor the statement on appeal was served within the time required by law, and for that reason disallows defendant's appeal and orders it to be stricken from the files."

It is true that entering the judgment on the docket would give constructive notice to all parties; but here the judge finds more than that. He finds that the appellant's counsel knew the contents of the judgment, having read it, and that afterwards he had *actual notice* of its rendition on 28 June from himself. and also on 1 July by letter from the opposing counsel. This fact is not denied. If it had been, the judge would have passed upon the facts, which he did anyway. It is not a question, therefore, whether the appellant's counsel received the notice. He does not deny it, and the judge finds that he did receive it. What more could be required? It would be very inconvenient if in such cases nothing can be done until the clerk sees fit to record the judgment, which indeed would not be actual notice, but only constructive. When there is no notice except the constructive notice from filing the judgment in the clerk's office, the appeal must be taken within ten days thereafter. But when there is actual notice prior to that time, why should the appeal be delayed until there is a constructive notice?

It will be noted that when judgment is rendered at term-time notice is given in open court or within ten days after its rendition, without any requirement that the clerk shall have recorded the judgment. By what analogy or provision of law,

when there is actual notice, must the appellant be given ten days after recording a judgment rendered by consent out of term?

By the plain terms of the statute, Revisal, 590, the appeal should be taken "within ten days *after notice* of the judgment, when rendered out of term," and "within ten days after its rendition, when rendered in term." Why should the court change the plain letter of the statute? There is no ambiguity in the statute whatever.