SEYMOUR VS. THE STATE.

In an action for the obstruction of a highway, where one of the grounds of defense was, that the alleged highway had been unlawfully laid through defendant's orchard and gardens without his consent, it was error for the court to instruct the jury that "the line of the road might be laid up to the line of the trees in the orchard, and up to the tilled portion of the garden, so as to take the whole of the uncultivated part between the cultivated earth and the garden fence."

A road cannot be laid out so as to deprive the owner of an orchard either in whole or in part of the beneficial enjoyment of his fruit trees; but it must be laid out at some reasonable distance from the trees.

So if the owner of a garden has laid it out with a small strip of grass or walk along the fence, he cannot be required to surrender this for a highway up to the tilled portion of the garden.

ERROR to the Circuit Court for *Kenosha* County.

The action below was brought by the *State* on the complaint of the supervisors of the town of Pleasant Prairie, against *Seymour*, for obstructing a highway running along the south line of the S. E. qr. of sec. 26, T. 1 in said county. Answer, that the *locus in quo* was land belonging to *Seymour*, and not highway. On the trial, evidence was introduced by the state to show that a road four rods in width had been duly laid out on each side of the south line of said quarter section, in March, 1863, and that the same had been obstructed by the defendant in July following. Various objections were taken to the admission of this evidence, which need not be stated here. A witness for the defendant testified that "the middle of the road was just one rod and ten feet from the garden east of the house, i. e. from the tilled portion of the garden where the land was plowed and spaded; that the plowed land in the west garden extended to the center of the road for about one-third of the way from the east end of the west garden and orchard; that the west garden was in an orchard of fruit trees; that the orchard ran down to the section line, and the orchard and garden were enclosed, and contained about one acre of land and over thirty fruit trees, some of them within about two rods of the south boundary line of the section; that a portion of the

tilled soil in the west garden extended south to said line, and a portion was two rods north of that line; that in the east garden from two to four feet of plowed land was within two rods of said line;" and that said gardens and orchard had been cultivated for more than two years before said road was laid out. A witness for the state afterwards testified that the distance from the middle of the road as laid out to the first row of apple trees in the orchard and up to the tilled ground in the *western* garden and orchard, was two rods, and that it was a yard or two less than that distance to the cultivated soil of the *eastern* garden. Another witness testified that the two rods between the middle of the road as laid out and the first row of apple trees in the orchard, was covered with hazel brushes and was not plowed.

It appears that the title to the land occupied by *Seymour* was claimed by one Briggs, and that the latter had consented to the laying out of the highway; but *Seymour* was in possession of the land, and had been for six or seven years, and Briggs had never been in possession. Briggs testified that *Seymour* at one time agreed orally to hold as his tenant, but afterwards refused to carry out the agreement, and still claimed to hold possession as owner, and never paid any rent.

That part of the instructions given to the jury which is passed upon by this court, is stated in the opinion. Verdict for the plaintiff; motion for a new trial overruled ; and judgment upon the verdict; to reverse which this suit was brought.

*J. J. Pettit*, for plaintiff in error, cited *Clark v. Phelps*, 4 Cow., 190–206; *Lansing v. Caswell*, 4 Paige, 523 ; *Mohawk & H. R. R. v. Artcher*, 6 id., 86, 87; *Ex parte Clapper*, 3 Hill, 459–60 ; *Harrington v. The People*, 6 Barb., 612 ; *The People v. The Judges of Dutchess Co.*, 23 Wend., 362.

*O. S. & F. H. Head*, for defendant in error.

*By the Court*, DOWNER, J. Without the consent of the owners, no road can be laid through any orchard or gardens, set

out, or cultivated two years or more. R. S., ch. 19, sec. 54. The circuit court instructed the jury, "that the line of the road might be laid up to the line of the trees in the orchard, and so it might be laid up to the tilled or cultivated portion of the garden, and take the whole of the uncultivated part between the cultivated earth and the garden fence." This instruction was based upon testimony, in substance, that the road laid out would come up to the first row of fruit trees in the west garden and orchard, and would, according to the testimony of the witnesses for the defendant below, include a part of the tilled ground of the garden ; but according to the witnesses for the state, would include none of it. If the instruction is correct, then a road may be laid out, without the consent of the owner of the land, up to the fruit trees themselves. The limbs of the trees may extend over the road, and a part of the fruit fall into the highway. If it is necessary in the construction of the road, nearly half of the roots of the trees may be cut off. This is not the protection the statute gives. The road cannot be laid out in such a manner as to deprive the owner, either in whole or in part, of the beneficial enjoyment of his fruit trees. The road should be laid out some reasonable distance from the trees.

If the instruction is right in respect to the garden, the owner may lay it out with a small strip of grass or walk near and along the fence, and be required to surrender this for a highway up to the tilled or ploughed portion of the garden ; and thus be compelled to move his fence on to such tilled land. We think the statute is entitled to a more liberal construction.

The circuit court erred in giving these instructions. For the purpose of giving or refusing consent we consider *Seymour* as the owner of the premises. On the other questions raised, the court do not deem it necessary to express any opinion.

The judgment of the court below is reversed, and a *venire de novo* awarded.