## OLIVER vs. TOWN and another.

*Bill of exceptions : Place and manner of settling, and of striking out — What it must contain.*

1. A circuit judge may settle a bill of exceptions (either during or after his term of office), outside of the circuit for which he was elected and in which the cause was tried.

2. Where a notice in a cause tried in Fond du Lac county designated the senate chamber at Madison as the place for the settlement of the bill, the appellant's attorney and the judge being senators, it not appearing that the respondent was prevented from taking part in the settlement by the character of the place selected, an objection to the bill on that ground is insufficient.

3. Where the judge, after signing the bill, wrote on it that "the whole charge given to the jury" was to be inserted therein, this not referring on its face to a written charge on file: *Held*, a fatal defect.

4. The circuit court in which a cause has been tried has jurisdiction, notwithstanding a change of judges, to strike out, at any time before an appeal is taken, a bill of exceptions improperly settled.

APPEAL from the Circuit Court for *Fond du Lac* County.

Motion to strike out a bill of exceptions.   The grounds of the motion are stated in the opinion.   Motion denied, and appeal taken.

*Bragg & Thorn*, for respondent, insisted, among other things, that the circuit court had no jurisdiction to grant

the motion. The cause was tried before Judge TAYLOR. The bill was therefore settled before him, though after the expiration of his term of office as judge; and if there was any error or irregularity in the bill, he was the proper person to correct it, and not his successor in office.

*Knowles & Babcock, contra,* contended that, when a bill of exceptions is settled in a manner not authorized by law, the court will, on motion, set it aside, or send it back to the judge who settled it, for correction. 1 Wis. 110, and cases there cited; 1 Monell's Pr. 714; 5 Wend. 132.

The other points made by counsel are stated in the opinion.

COLE, J. We can imagine no substantial objection to a circuit judge, either during his term or after his term of office has expired, settling a bill of exceptions outside of the judicial circuit for which he is elected and where the cause is tried. A circuit judge is a state officer, and has power, and is often called upon, to try causes out of his own circuit. Since the organization of the state government, the circuit judges have been accustomed to exchange in holding terms with their brethren on the bench, and their right and power so to do have been unquestioned, so far as we know. What valid reason can there be why a circuit judge may not try a cause in another circuit? And if he may try a cause in another circuit, why may he not settle a bill of exceptions outside his circuit, either during his term or after it has expired? It is said that it will work a hardship for parties to go outside their circuit to transact such judicial matters before a judge who is away from home on pleasure or business. But such cases of real hardship will rarely, if ever, occur.

In this case the notice designated the senate chamber as a place for the settlement of the bill of exceptions,

the attorney who gave the notice, and the judge who tried the cause, happening to be senators. Now it is said that the place designated for the settlement of the bill was an improper one, for the reason that the senate might possibly be in session at the hour named, in which case the opposite attorney would have no right to admission on the floor of the senate, and, consequently, could have no voice in the settlement of the bill. This objection is based upon a state of things which is not likely to exist. It is hardly to be assumed that the ex-judge, if the senate should happen to be in session at the hour designated for the settlement of the bill, would not retire to some place where both parties could be heard. The opposite party was not prevented from taking part in the settlement of the bill in this case by any of the difficulties above suggested.

There is, however, an objection taken to the manner of settling the bill, which, we think, is fatal. The judge signed the bill, and then wrote on the foot of it, "The whole charge of the judge, as given to the jury, to be inserted in the bill of exceptions." The bill of exceptions, therefore, when signed, was not complete on its face, nor did it refer to certain documents on file showing what should be inserted. It was therefore imperfect, not containing every thing necessary to show the exceptions taken. The attorneys might differ as to what the charge was; and there would be no means of settling the controversy. The judge, therefore, should see to it that the charge upon which any question arises is either inserted in the bill or made a part of it by certain reference, before he signs it, in order that no dispute of the kind may arise. It is said that, since the statute requiring the circuit judges to give their charges in writing, the written charge becomes a part of the record. If the judge had referred to his written charge on file among the papers in the cause, as the one he intended should be inserted, this reference, by relation, might have made the charge a part

of the bill when signed. But, to avoid all controversy, it is the better practice for the judge to see that whatever is necessary to present the questions of law and fact be inserted in the bill before it is signed by him.

It is said, if the bill was irregularly and improperly settled, that the remedy is by a motion in this court to strike it out. The appeal was not taken until the 26th of February last, while the motion to strike the bill from the files was heard and determined on the 18th of the same month. The circuit court had jurisdiction of the cause at that time, and should, for the reason just assigned, have granted the motion.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded with directions to grant the motion.