FLANDERS vs. WOOD and others, Town Supervisors.

*Amendment of complaint.— Injunction : Highway through grounds used in connection with erections for trade.*

1. Service upon defendant of a proposed amendment to the complaint, with a notice that the original has been so amended, is not sufficient, unless the amendment has also been put on file, or has been inserted, by leave of court, in the original complaint on file.
2. The owner of a chartered ferry *held* entitled to an injunction to restrain the laying out of a public road through grounds adjoining his dock, and used by him in connection therewith for purposes of trade, storing goods, piling wood, etc., and otherwise necessary for the beneficial use of his ferry privilege.
3. The supervisors are not authorized to lay out a road through such premises (ch. 137, Laws of 1866); and it makes no difference that land actually and necessarily used for the purposes mentioned is not inclosed by fences.

APPEAL from the Circuit Court for *Sauk* County.

On an application made to them, the supervisors of the town of Merrimac, in said county, refused to lay out a highway through plaintiff's lands ; but on appeal to commissioners (secs. 77–82, ch. 19, R. S.) their decision was reversed.   Plaintiff then brought this action to restrain the laying out of said road.   On the trial, he claimed, and defendants denied, that the complaint had been amended within twenty days after the service of the

answer. The court, holding that it had not been amended, and that no evidence would be admissible under it even if amended as claimed, rendered a judgment of dismissal, etc. ; from which the plaintiff appealed. The facts concerning the attempted amendment, and those alleged in the complaint, will appear from the opinion.

*J. Mackey* (with *Geo. B. Smith*, of counsel), for appellant, to the point that the supervisors had no right to lay out the road through the lands in question, cited R. S., ch. 19, sec. 54 ; Laws of 1866, ch. 137 ; 24 N. Y. 352, 353 ; 6 Paige, 83–87. To the point that the complaint showed sufficient grounds for an injunction, counsel cited *Wynstanley v. Lee*, 2 Swanst. 342 ; *Attorney-General v. Nichol*, 16 Ves. 342 ; *Nutbrown v. Thornton*, 10 id. 163 ; *Cherrington v. Abney*, 2 Vern. 646 ; *M. & H. R. R. Co. v. Artcher*, 6 Paige, 83 ; *H. & D. Canal Co. v. N. Y. & Erie R. R. Co.*, 2 Am. R. R. Cases, 581 ; 9 Wheat. 738, 841 ; Willard's Eq. 392, 393, 407, 408 ; *A. & N. R. R. Co. v. Brownell*, 24 N. Y. 345, 352, 353. 2. The acceptance and retention of the amended complaint was a waiver of any irregularity in the amendment. Voorhies' Code (5th ed.), 188, note 1 ; 20 Wend. 676.

*C. C. Remington*, for respondents, to the point that the complaint had not been amended, cited Rule 35, Circuit Court Rules, and secs. 36, 37, ch. 125, R. S. 2. There is an adequate remedy at law by *certiorari*, upon which the action of the commissioners might be reversed, if there was no authority to lay the road. *Morris v. Ferguson*, 14 Wis. 266. 3. The grounds, not being inclosed, were not within the protection of the statute. *The People v. Kingman*, 24 N. Y. 559 ; R. S. of N. Y. p. 514, sec. 57, compared with R. S. Wis., ch. 19, sec. 54. The supervisors can leave all necessary ground for yards, and for that purpose are authorized to vary from the line of the road as petitioned for. *People v. Kingman, supra; Neis v. Franzen*, 18 Wis. 537.

COLE, J. Technically speaking, we think the amendment of the complaint had not been perfected. We do not understand that an amended complaint was served within twenty days after answer, but merely that the amendment was served upon the opposite attorney, with a notice that the original complaint had been so amended.

Now, we think, either the proposed amendment should have been also inserted in the original complaint on file, by leave of court, or the amendment at least should have been filed, so that the papers on file would show what the amended pleadings were. This, it appears to us, was necessary in order to perfect the amendment of the complaint. Upon the trial, the court held that the complaint had not been amended, and, further, that, if it had been amended as claimed, still no evidence would be admissible to prove the matters therein stated; and it dismissed the complaint. So it is obvious that the circuit court, in effect, ruled that even the amended complaint was defective, for the reason that it did not show that the plaintiff was entitled to an injunction to prevent the commission of the acts therein alleged to be threatened and likely to ensue.

Is this view of the amended complaint correct? We think not. The complaint states that the plaintiff is the owner of certain premises therein described, and that, for more than ten years last past, he has had the exclusive right, under an act of the legislature, of keeping up and running a ferry across the Wisconsin river from his said premises, and charging ferriage; that, to maintain his ferry, it is necessary to keep a rope or cable extended across the river, which is navigable, and that the cable has to be suspended sufficiently high to permit river steamers to pass under it, and to that end it becomes necessary to fasten the cable back some eight to twelve rods from the river, on the west side thereof, on his premises; that, in consequence of the rise and fall of

the waters of the river, and change in the sand-bars therein, the point of landing of the ferry-boats of the plaintiff varies fifty rods up and down the river, and that, as the points of landing are changed, it becomes necessary to remove the cable, and at different times to occupy all the ground for about ten rods back from the river for fastening the cable and stretching the same over the river; that the plaintiff has erected a dock on his premises on the west side of the river, just above and near the landing of his ferry-boats, which was erected and designed by him for a dock to trade with river boats, for landing and piling lumber on, or for protecting, fastening or repairing his ferry-boats; that the cost of the dock was about $200; that the banks of the river, and ground adjacent to the dock, and for ten rods each way up and down the river from the dock, and extending back from the top of the bank twelve rods, are necessary to be occupied by him for a wood and lumber yard, and for the purpose of keeping wood and lumber convenient and accessible to his dock for sale, storing and supplying boats; that such grounds have been used for more than ten years for storing wood thereon, and other material for purposes of trade, and in connection with the dock; and that the supervisors are about to proceed and lay out a public highway through the lands used for a wood and lumber yard, and which are used and occupied in connection with the ferry and dock for the purposes of trade and the enjoyment of his ferry privileges. This, in substance, is the material portion of the complaint, as amended. And it will be at once seen that the manifest object of the action is to invoke the interference of a court of equity, by injunction, to protect the plaintiff in the enjoyment of his ferry franchise, and also to prevent the supervisors from laying out a highway through his grounds used in connection with his ferry and dock for a wood and lumber yard for the purposes of trade and convenience of the same. The question, then, is, Will

a court of equity grant an injunction to prevent such a threatened injury? It seems to us that it will, upon clear grounds of equitable jurisdiction.

In the first place, assuming the allegations of the complaint to be true, as it is evident we must do upon this appeal, we think that the statute does not authorize the supervisors to lay out a highway over the grounds in question. Our statute provides that no public or private road shall be laid out through any fixtures or erections used for the purposes of trade, nor through any yards or inclosures necessary to the use and enjoyment of such fixtures or erections, without the consent of the owner. Laws of 1866, ch. 137. Now the plaintiff distinctly alleges that he has, at considerable expense, constructed a dock near the landing of his ferry-boats, which was erected and designed for the purposes of trade with river boats, and for landing and piling lumber upon, as well as for the protection and use of his ferry-boats. We suppose this structure is a "fixture," or "erection," within the meaning of the statute; and the complaint further shows that the river banks and adjacent grounds are used in connection with the dock for a wood and lumber yard. So that it appears that not only the beneficial use and enjoyment of the ferry privilege would be seriously invaded by the proposed highway, but that also the supervisors were proceeding to lay it out through grounds where they have no right to lay it without the consent of the owner. That, to prevent such an injury, a suit for an injunction will lie, is a principle fully established by the following authorities: *The Albany Northern R. R. Co. v. Brownell*, 24 N. Y. 345; *The Mohawk and Hudson R. R. Co. v. Artcher*, 6 Paige, 83; Willards' Eq. Jur. 392, 393. It is true, the complaint does not state that the yard appropriated for the piling of wood and lumber is inclosed by fences; nor do we suppose it is necessary that it should be, in order to be protected by the statute. But it is alleged

that the space including the river banks adjacent to the dock, and for ten rods up and down the river from the dock, and extending back from the top of the river bank twelve rods, is necessary to be occupied for a wood and lumber yard ; and that such grounds have in fact been so used and occupied for above ten years. This shows that such grounds are a necessary appendage to the dock, and that to lay a public highway through them would be a serious and permanent injury to the property. Besides, from the manner the cable extending across the river is fastened to the bank, and the necessity for changing it to different points up and down the river bank in consequence of the rise and fall of the waters and change of the sand-bars, it would seem to render it difficult to lay out a road as proposed without greatly injuring the ferry privileges granted by the charter. And, therefore, as well to protect the plaintiff in the enjoyment of a franchise created by statute, as that the grounds are necessary to the use and enjoyment of the dock, we think the complaint presents a case for an injunction.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for further proceedings.