SMART, Respondent, vs. HART and others, Appellants.

*December 11, 1889 — January 7, 1890.*

*Highways: "Building or fixture:" Equity: Injunction.*

A cow-stable, wagon-shed, and chicken-house are " buildings or fixtures," within the meaning of sec. 1263, R. S., and an attempt to lay out a highway through the same, without the consent of the owner, is a usurpation of power and wholly void, and will be restrained by injunction.

APPEAL from the Circuit Court for *Waukesha* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an action brought by the respondent to restrain the appellants, the supervisors of the town of Waukesha, and commissioners of the village of Waukesha, from opening a highway laid out by them, part of which is in said

town of Waukesha and is laid across lands belonging to the plaintiff, and a portion of which highway so laid out includes within its bounds a part of the fences, buildings, fixtures, and inclosure of the plaintiff about his dwelling-house in said town. The injunction prayed for and granted by the circuit court restrains the defendants "from removing, or attempting to remove, the fence inclosing the house-lot, yard, or inclosure, or any part thereof; from opening said highway through or upon said inclosure or any part thereof, or through or upon said buildings or any of them; and from taking any steps of any kind to open said highway through or upon said inclosure or buildings, or to interfere with plaintiff's use and enjoyment thereof." The defendants answered, admitting the fact of the laying out of the highway, and their intent to open the same to public use, and they alleged "that said highway is not laid out through or upon any orchard or garden, or any building or fixture used for the purpose of trade or manufacture, when the damage caused thereby to such orchard, garden, building, or fixture, exclusive of the damage to the land, shall exceed seventy-five dollars, or through or upon any building, fixture, yard, or inclosure used for educational or charitable purposes; or through or upon any other building or fixture, or through or upon the yard or inclosure necessary to the use or enjoyment thereof, or through any cemetery."

The case was tried by the court, and the court found the following facts: *First*, the laying out of said highway; and, *second*, "that said highway so laid out as aforesaid, is laid out over, through, and upon certain buildings and fixtures of the plaintiff, to wit, his cow-stable, wagon-shed, and chicken-house, and through and upon the yard or inclosure of the plaintiff necessary to the use and enjoyment of his said buildings and fixtures and of the plaintiff's dwelling-house; and that the said buildings and fixtures had been built and erected, and the said yard or inclosure

had been inclosed by a substantial fence, by the plaintiff, many years previous to the laying out of said highway as aforesaid; and that the plaintiff never gave his consent to the laying out of the said highway." Upon these findings. the injunction was granted as prayed for. The defendants appeal to this court.

*D. H. Sumner*, for the appellants.

For the respondent the cause was submitted on the brief of *A. Cook* and *Hugh Ryan*.

TAYLOR, J. The learned counsel for the appellants contend that there is no equity in the claim made by the plaintiff, and insist that, although the plaintiff may have made a case showing that the supervisors and commissioners have exceeded their statutory authority in laying a part of the said highway through and upon a building or fixture of the plaintiff, and through and upon the yard or inclosure necessary to the use and enjoyment of the same, within the letter of the statute prohibiting them from so doing (see sec. 1263, R. S. 1878), yet they have not violated the spirit of said restraining section.

In view of the statute and the findings of the court, we think it is evident that the defendants have exceeded their power in attempting to lay out and open a highway through the dwelling-house yard, cow-stable, wagon-shed, and chicken-house of the plaintiff. They are attempting to do a thing expressly prohibited by statute, and, however unjust or unwise it may be on the part of the plaintiff to stand in the way of a public improvement which is greatly desired by the people, this fact can have no force in conferring a right upon the defendants which is expressly denied them by statute. This court decided that an attempt to lay out a highway in violation of the statute above referred to was a usurpation of power, and wholly void. *Seymour v. State*, 19 Wis. 240; *Flanders v. Wood*, 24 Wis.

572. These cases did not present a more flagrant violation of the statute than the one at bar. It is well settled in this court that when public officers threaten to take possession of private property and appropriate it permanently to a public use, in violation of law, a court of equity will interfere to prevent such appropriation. See *Flanders v. Wood*, 24 Wis. 572; *Church v. Joint School Dist.* 55 Wis. 399; *Uren v. Walsh*, 57 Wis. 98.

*By the Court.*— The judgment of the circuit court is affirmed.