## MILLER, Respondent, vs. HOESCHLER, Appellant.

*March 25—April 19, 1904.*

*Action, at law or in equity: Injunction: Threat of repeated trespass: Fences.*

A court of equity will not interfere to prevent a mere threatened trespass upon land; but where, by reason of the continuous or repeated character of the threatened invasion, many actions at law would be necessary, in no one of which could compensation for the whole wrong be obtained, an action for an injunction may be maintained. So *held,* on demurrer to a complaint alleging that defendant had built a fence on plaintiff's land, cutting him off from access to a street; that plaintiff had removed the fence; but that defendant threatens to re-enter and reconstruct the fence as often as plaintiff removes it.

APPEAL from an order of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Doherty & Baldwin,* and for respondent on that of *John A. Daniels.*

WINSLOW, J. This is an action in equity to enjoin the commission of repeated and continuous threatened trespasses upon real estate. A general demurrer to the complaint having been overruled, the defendant appeals. The complaint alleges that the plaintiff owns, occupies, and has record title to, certain lots in the city of La Crosse, and has occupied the same for many years as a homestead; also that plaintiff occupies, and, by adverse possession for more than twenty years, has title to, a certain described strip of land between said lots and Ninth street in said city, which constitutes a

part of his said homestead and dooryard and constitutes his only means of access to said Ninth street; that defendant wrongfully entered on said strip in May, 1903, and constructed a wire fence on the side thereof nearest to plaintiff's house, thereby cutting off the plaintiff from the use of his dooryard and from all access to Ninth street from his said house; that plaintiff immediately removed said fence, but that defendant asserts and threatens that he will re-enter and reconstruct the fence as often as plaintiff removes same, and plaintiff fears that he will do so and thus cause plaintiff an irreparable injury and force the commencement of a multiplicity of trespass actions, unless the defendant be restrained from such acts.

The simple question presented is whether the complaint states a cause of action in equity, or, in other words, whether it appears therefrom that there is an adequate remedy at law. The principle that a court of equity will not interfere to prevent a mere threatened trespass upon real estate is very ancient and well understood. The idea is that such a wrong is merely temporary in its nature, and, under all ordinary circumstances, may be fully recompensed by an award of damages; hence that the legal action affords perfect and adequate relief. While this rule is still in force, the tendency of recent decisions is to enlarge, rather than to narrow, the class of cases in which a court of equity will interfere to prevent threatened trespass. Not only will it act where the threatened trespass will work irreparable injury to the property itself, amounting essentially to destruction thereof, but also where, by reason of the continuous or repeated character of the threatened invasion, many actions at law would be necessary to be brought, in no one of which could compensation for the whole wrong be obtained. In such cases the legal remedy is held to be inadequate. It is simply an application of the very old principle that equity will interfere to prevent a multiplicity of actions at law. 3 Pomeroy, Eq. Jur.

(2d ed.) § 1357. This principle has been frequently applied by this court in the case of the unlawful attempt by public officers to take private property for a highway or other public use. *Flanders v. Wood,* 24 Wis. 572; *Church v. Joint School Dist.* 55 Wis. 399, 13 N. W. 272; *Smart v. Hart,* 75 Wis. 471, 44 N. W. 514; *Ruhland v. Jones,* 55 Wis. 673, 13 N. W. 689. But it has not been confined to cases of threatened public use of lands. It has also been applied to actions between private parties—as, for instance, the threatened unlawful and continuous entry upon lands for the purpose of mining (*Tipping v. Robbins,* 71 Wis. 507, 37 N. W. 427); or the threatened drawing of water from a mill race (*Fox River F. & P. Co. v. Kelley,* 70 Wis. 287, 35 N. W. 744). In both of these cases the jurisdiction of equity was sustained upon the distinct ground of the prevention of the multiplicity of inadequate actions at law for trespass.

Had the defendant desired to try the question of the title to the land in question before a jury in an action at law, he could have commenced his action of ejectment and obtained his desire. He can hardly complain of the act of the plaintiff in bringing him into a court of equity, when he attempted to take the law into his own hands.

*By the Court.*—Order affirmed.