Le Blond, Appellant, vs. Town of Peshtigo and others, Respondents.

*October 26—November 12, 1909*

*Equity: Injunction: Grounds of relief: Irreparable injury: Multiplicity of actions: Adequate remedy at law: Pleading construed: Ejectment: Easements.*

1. Plaintiff alleged that defendants, a town and its supervisors, wrongfully entered upon a strip of plaintiff's land and constructed a highway and drain thereon, to her damage; that they have continued unlawfully to use the land thus appropriated, and threaten that if plaintiff attempts to fence up said highway and drain they will tear down the fences and continue to use the same; that they have permanently deprived plaintiff of the use and enjoyment of that portion of the premises appropriated by them; that plaintiff has suffered irreparable injury and will be put to the necessity of bringing a multiplicity of suits to protect her rights. The relief asked was that defendants be enjoined from taking possession or attempting to take possession of the strip of land in question and from interfering with plaintiff's enjoyment, use, and occupation thereof, and for damages. *Held*, that the facts stated did not entitle plaintiff to the interference of equity to prevent either irreparable injury or a multiplicity of actions at law.

2. The averment that plaintiff has been permanently deprived of the use and enjoyment of the strip of land in question is construed as equivalent to a statement that she has been deprived of the possession of said strip; and it appearing that what she seeks to recover is the possession of the land, not of a mere easement over it, she has an adequate remedy at law in an action of ejectment.

3. Where the owner in fee has been wrongfully deprived of the possession of land he may maintain ejectment to recover that possession, and it is immaterial whether such deprivation has been caused by the exercise of an easement which wrongfully excluded him from possession, or otherwise.

4. Where land has been wrongfully taken for a highway, and the only right which the owner may exercise over it is the right to use it as a highway in common with all others, he has been deprived of his possession.

APPEAL from an order of the circuit court for Marinette county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a demurrer to the complaint.

The complaint, in substance, charges that the town of *Peshtigo* is one of the duly organized towns of Marinette county, and that the other defendants are, and at all the times mentioned in the complaint were, the duly elected, qualified, and acting supervisors of said town; that the defendants during the month of August, 1905, entered upon certain lands owned by and in the possession of plaintiff and tore down fences, cut and removed valuable timber, and constructed a highway and drain thereon at a cost of $500, which was paid by the defendant town; that said defendants never acquired any right by consent of the plaintiff or otherwise to appropriate any portion of her land; and that she has been damaged in the sum of $900 by reason of the unlawful act complained of. The complaint further sets forth that ever since August 12, 1905, defendants have continued to unlawfully use the premises appropriated for a drain and public highway, and that certain of the defendants threaten and assert that if plaintiff attempts to fence up the pretended drain and highway they will tear down such fences and obstructions and continue to use the same, and that said defendants have ever since the 12th day of August, 1905, permanently deprived the plaintiff of the use and enjoyment of that portion of the premises appropriated by the defendants, and that plaintiff fears the defendants will carry out the threats aforesaid, and will harass, vex, and annoy the plaintiff, and that plaintiff has been put to irreparable injury, and will be put to the necessity of bringing a multiplicity of actions to protect her rights. By way of relief plaintiff asks that the defendants, their agents and servants, be enjoined and restrained from taking possession or attempting to take possession of the strip of land in question, and also from in any manner interfering

with the enjoyment, use, and occupation thereof by the plaintiff, and that plaintiff recover $900 damages done and suffered by reason of the unlawful acts complained of.

One of the grounds of demurrer was that the complaint did not state facts sufficient to constitute a cause of action. This is the only ground relied on to sustain the order appealed from.

For the appellant there were briefs by *L. M. Nelson,* attorney, and *P. A. Martineau,* of counsel, and oral argument by *Mr. Martineau.*

For the respondents there was a brief by *W. B. Quinlan,* and oral argument by *H. T. Scudder.*

BARNES, J. By her complaint the plaintiff seeks to recover possession of her property and damages for the wrongs she has sustained. If, under the facts stated, she is not entitled to resort to a court of equity to secure this relief, then the demurrer was properly sustained. As a general proposition equity will not interfere to prevent a mere threatened trespass unless such trespass will work irreparable injury. Where, by reason of the continuous character of the invasion, numerous actions at law would be necessary, equity will interfere to prevent a multiplicity of suits because the legal remedy is inadequate. *Miller v. Hoeschler,* 121 Wis. 558, 99 N. W. 228. Sufficient facts are not stated in the complaint to bring it within the principle of the case cited. Neither are the necessary facts stated to bring it within the decision of this court in *Flanders v. Wood,* 24 Wis. 572; *Church v. Joint School Dist.* 55 Wis. 399, 13 N. W. 272; *Smart v. Hart,* 75 Wis. 471, 44 N. W. 514; *Ruhland v. Jones,* 55 Wis. 673, 13 N. W. 689; *De Pauw v. Oxley,* 122 Wis. 656, 100 N. W. 1028; and *McCord v. Eastern R. Co.* 136 Wis. 254, 116 N. W. 845, in all of which cases equity jurisdiction was sustained. The complaint does not allege that any particular injury or mischief will result from any threatened in-

jury by the defendants during the pendency of the action, and no temporary restraining order is sought. There is no averment in the complaint from which it could be inferred that the pleader desired any relief except to be restored to possession and to recover damages sustained prior to the institution of the suit. The single allegation relied on to bring the case within the rule that equity will take jurisdiction where it is necessary to do so to prevent a multiplicity of suits is that certain defendants threaten and assert that if plaintiff fences up the highway they will tear down the fence and continue to use and occupy the same, and that plaintiff will be put to the necessity of bringing a multiplicity of actions to protect her rights. This allegation, construed in connection with the relief prayed, is insufficient to make a case in equity unless it can be maintained on some other ground.

It is urged, however, that the action is brought to recover an easement only, and that ejectment will not lie where such recovery is sought, and that the plaintiff has no adequate remedy at law. It is clear that a mere action for trespass would not furnish an adequate and complete remedy, and, if it be true that the complaint does not state the necessary facts to constitute a cause of action in ejectment, the plaintiff has planted her suit in the proper forum. Sec. 3074, Stats. (1898), prohibits recovery by ejectment unless the plaintiff at the time of commencing the action has a valid, subsisting interest in the premises claimed and a right to recover the same or the possession thereof, or of some share or interest in a portion thereof to be proved and established in the action. Sec. 3077, Stats. (1898), provides that the complaint in an action of ejectment shall set forth that the plaintiff has an estate or interest in the premises claimed, and shall state the nature and extent of such interest, whether in fee, dower, for life, or for a term of years, and that he is entitled to the possession of such premises, and that defendant unlawfully withholds the possession thereof from him. Sec. 3075, Stats.

(1898), provides that the action of ejectment must be brought against an actual occupant of the premises claimed, if occupied, and, if not so occupied, then it must be brought against some person exercising acts of ownership in the premises claimed, or against some one claiming title thereto or some interest therein. Sec. 3084, Stats. (1898), requires that the verdict rendered in an ejectment action (if for the plaintiff) shall specify the estate established by the plaintiff on the trial, "whether it be in fee, dower, for life or for a term of years."

The complaint before us shows ownership in fee by the plaintiff, wrongful entry and occupation by the defendants, and permanent deprival of the use and enjoyment of the strip of land appropriated. Every essential fact necessary to state a good cause of action in ejectment under sec. 3077, Stats. (1898), is to be found in the complaint. We construe the averment that plaintiff has been permanently deprived of the use and enjoyment of the strip of land in question as tantamount to a statement that she has been deprived of the possession of such strip. The complaint, however, does show that defendants entered upon the land for the purpose of building a highway and drain, and that the same were built, and that the highway has since been in use. Is the plaintiff suing to recover the possession of the land or for the recovery of a mere easement over it, and, if the latter, will ejectment lie? These are the vital questions involved in determining whether the complaint is fatally defective.

In *Gardiner v. Tisdale,* 2 Wis. 153, and in *Weisbrod v. C. & N. W. R. Co.* 21 Wis. 602, it was held that the owner in fee of a street could maintain ejectment against an incumbrancer or occupier inconsistent with or repugnant to the purpose of a public easement. In *Racine v. Crotsenberg,* 61 Wis. 481, 21 N. W. 520, the defendant took possession of what was claimed to be a public alley and appropriated the same to his own exclusive use. Ejectment was brought to recover

the easement which the public had in such alley. It was held
that ejectment would not lie to recover a mere incorporeal
right, and that it would only lie to recover things corporeal
which might be the subject of seisin, entry, and possession.
It was further held that secs. 3077, 3084, Stats. (1898),
were not broad enough to give the plaintiff a right of action,
because the plaintiff had no estate "in fee, dower, for life
or for a term of years" in the real property sought to be re-
covered, as the statute required. This case is not authority
to the proposition that where the owner of the fee is excluded
from the possession of his land by the use of an easement over
the same he may not recover such possession in ejectment.
On the contrary, the case, inferentially at least, holds that
such an action would lie. *Fritsche v. Fritsche,* 77 Wis. 270,
45 N. W. 1089; *Maurer v. Stiner,* 82 Wis. 99, 51 N. W.
1101; and *Buckner v. Hutchings,* 83 Wis. 299, 53 N. W.
505, were actions where the plaintiffs sought to recover or to
be restored to the right to use and enjoy a mere easement
over lands to which they had no title or right of possession,
nor any right whatever except to use and enjoy an easement
over the same. The plaintiffs, therefore, were not the own-
ers of such an interest in the fee as would bring them within
the terms of sec. 3077, Stats. (1898). In *Lawe v. Kaukauna,*
70 Wis. 306, 35 N. W. 561, the plaintiff, who claimed an.
estate in fee, brought ejectment to recover certain lots which
the city occupied and used for the landing of a swing bridge
and in connection with a street leading to the same. It was
held that ejectment was not only a proper remedy but was
the only adequate one. The value of this case as a precedent
is minimized by the fact that the question presently under
discussion was not raised or considered by the court, and by
the further fact that the case has been to some extent distin-
guished in *Pinkum v. Eau Claire,* 81 Wis. 301, 51 N. W.
550.

The only other case in this court bearing on the question is

the one last referred to—*Pinkum v. Eau Claire.* There the grantors of the plaintiff conveyed on condition to the city of Eau Claire an easement over certain lands for the purpose of constructing a canal in consideration of certain reciprocal rights and privileges to be conferred on the grantor, the principal one being that the city should erect a certain highway which would give the grantor access to a stone quarry. The action was brought in equity, and, among other relief sought, the plaintiff asked for a decree commanding the city to proceed at once with the construction of the highway and compelling its maintenance thereafter, and that in case of default on the part of the city in this regard the grant be annulled, vacated, and set aside, and that the cloud created by the deed of grant be removed, and that the defendant be required to remove all obstructions which it had placed and then maintained upon the premises, and that plaintiff be put in possession thereof. It was urged that plaintiff had an adequate remedy by ejectment. The court treated the action as one brought to recover the easement formerly granted, and held that "ejectment is not the appropriate remedy for the recovery of a mere easement." In the *Pinkum Case* the thing conveyed was an incorporeal right, and what the plaintiff sought to do was to nullify the grant and recover back the thing granted in case he could not compel specific performance.

An easement is an incorporeal right which can only be acquired by grant or prescription, and is incapable of manual delivery. Land, on the contrary, is a tangible thing of which actual possession may be delivered. There is a substantial distinction between an action brought to recover an intangible right and one brought to recover actual manual possession of real property which has been lost to the owner by the exercise of an incorporeal right or in any other way. In the one case possession of the thing sought cannot be delivered through a court of law; in the other it may. Here what the plaintiff

seeks to recover is not the possession of some mere right or easement, but possession of a distinct part and parcel of her farm. Where, as here, the owner in fee has been deprived of the possession of real estate, the statute gives a right of action in ejectment to recover that possession, and it is immaterial whether the deprivation of such right has been caused by the exercise of an easement which wrongfully excluded plaintiff from her possession, or otherwise. If the only right plaintiff can now exercise over the strip of land in question is the right to use it as a highway in common with all others, then she has been deprived of her possession. *Strong v. Brooklyn,* 68 N. Y. 1. And the allegation of the complaint, which on demurrer must be taken as true, is that plaintiff has been deprived of the use and enjoyment of her property, and not of a mere easement over the same.

*By the Court.*—Order affirmed.

WINSLOW, C. J., dissents.