MUELLER, Appellant, vs. BROTZ and others, Respondents.

*May 29—June 25, 1919.*

*Eminent domain: Property subject to: Villages: Highways through buildings: Injunction: Violation: Effect of dissolution and motion to review: Duration of restraining order.*

1. Notwithstanding sec. 1347, Stats., extends the provisions of ch. 52, relating to highways and bridges in towns, to all parts of the state except where there are inconsistent provisions applicable to particular counties, towns, cities, or villages, the provisions of sec. 1263 (in said ch. 52), prohibiting the laying out of highways through buildings, etc., do not apply to villages.

2. After condemnation proceedings to widen a village street, a circuit court commissioner issued an order restraining defendants from entering upon plaintiff's premises, and later this order was dissolved by the commissioner, whose action was sustained by the circuit court. *Held,* that the fact that a request for a stay of proceedings was incorporated in a notice of motion to have the dissolving order reviewed by the circuit court did not render the defendants guilty of contempt in entering upon plaintiff's premises, there being no injunctional order in force.

3. A restraining order pending an application for an injunction ceases to be operative at the expiration of the date fixed by the order.

APPEAL from a judgment and an order of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

. This action was brought by the plaintiff against the defendant village and its board of trustees to restrain them from entering upon or taking possession of certain premises owned, used, and occupied by the plaintiff as his homestead.

The complaint, among other things, alleges that the plaintiff is the owner of said premises, namely, lot No. 1, in block No. 1, of the original plat of Riverside, and that there is a two-story frame building upon said lot of the value of $2,600 and a barn of the value of $75, and a garden in a state of cultivation which is planted to raspberry bushes and garden truck, and a well and pump, which well and pump are of the value of $75, also valuable trees.

The complaint further alleges that the defendants, without legal authority and acting under a pretended resolution, are attempting to condemn and appropriate plaintiff's premises for the purpose of widening Kohler street in said village, and that defendants have no legal right to condemn, invade, appropriate, or use plaintiff's premises, but that they threaten so to do, to the exclusion of the plaintiff, and will do so unless restrained, and that such acts will result in irreparable injury to plaintiff, and that plaintiff has no adequate remedy at law.

The defendants justify their entry under proceedings duly

taken for widening Kohler street under sub. (11), sec. 893, and secs. 894a to 903, Stats.

It is without dispute that the foregoing statutes were complied with in the condemnation proceedings and that such proceedings were regular and the defendants entitled to take possession unless sec. 1263, Stats., applies to a condemnation proceeding to take land for street purposes in a village.

After the condemnation proceedings and on July 12, 1917, a court commissioner issued a temporary restraining order ordering the defendants to show cause before him on July 18, 1917, why a temporary injunction should not issue. After hearing on said order and on July 25, 1917, the commissioner issued an order dissolving the temporary restraining order of July 12th, and denied a temporary injunction. On August 2d plaintiff served notice of motion to have said court commissioner's order of July 25th reviewed and set aside by the circuit court for Sheboygan county on September 18, 1917, and further gave notice that it would then apply to the circuit court for a temporary injunction, and asked that all proceedings on defendants' part be meantime stayed.

Defendants entered upon and took possession of the premises in question September 4, 1917. Thereafter and on September 22, 1917, plaintiff obtained an order from the circuit court requiring defendants to show cause why they should not be punished as for contempt, which order was brought to a hearing October 8, 1917, and the court on the hearing dismissed said contempt proceedings and affirmed the court commissioner's order of July 25, 1917.

Judgment was entered in the court below dismissing the plaintiff's complaint and also dismissing the contempt proceedings, from which judgment and order this appeal was taken.

The cause was submitted for the appellant on the brief of *O. A. Bassuener* and *F. Vollrath,* both of Sheboygan, and for the respondents on that of *Detling & Detling* and *Francis Williams,* all of Sheboygan.

KERWIN, J.   1. Two contentions are made upon this appeal: (1) Whether sec. 1263, Stats., applies to the opening of streets in villages; and (2) Whether the contempt proceedings should have been dismissed.

Sec. 1263 by its express language does not apply to villages and cities, but only to towns.   This court has never expressly passed upon the question.   It seems quite clear from the record and concessions of counsel that if sec. 1263 controls the case the judgment should have been rendered in favor of the appellant, but if not, the judgment of the circuit court should be affirmed, since it seems to be conceded that the proceedings taken by the defendant village under secs. 895 to 902 were regular in all respects.   Sec. 1263 is found in ch. 52, which relates to highways and bridges in towns, while secs. 895 to 902, relating to condemnation of lands, authorize cities and villages to condemn lands.   Sec. 925—154 provides the method for condemning lands by cities of the first class for street and other purposes.   Sec. 895 authorizes villages to condemn land for street and other purposes.   Counsel for appellant, however, rely upon sec. 1347, Stats., which is found in ch. 52, and which provides that the provisions of ch. 52 shall extend to all parts of the state except where special provisions inconsistent therewith have been or shall be made by law in relation to particular counties, towns, cities, or villages.   Sec. 922 provides that no law contravening the provisions of this chapter shall be considered as repealing or modifying the same unless such purposes are expressly set forth in such law.   Sec. 1347 has been before this court in *Paine L. Co. v. Oshkosh,* 89 Wis. 449, 61 N. W. 1108, and it was held that

"It was not the purpose of sec. 1347 to make all the provisions of ch. 52 applicable to a city, irrespective of their character, although not in conflict with any provision of its charter.   The adaptability of the provision and the plain indication of the language used must be regarded in construing those provisions, regard being had to the subject matter to be affected."

Counsel for appellant rely upon *Smart v. Hart,* 75 Wis. 471, 44 N. W. 514; *Flanders v. Wood,* 24 Wis. 572; and *Seymour v. State,* 19 Wis. 240.   In *Smart v. Hart, supra,* the commissioners of the village of Waukesha were made defendants because the village and town were co-operating, part of the highway being in the town and part in the village. But the plaintiff's property was in the town, so that case, as well as *Seymour v. State* and *Flanders v. Wood, supra,* are clearly distinguishable from the case at bar.

We are satisfied that sec. 1263 is not applicable to the instant case.   This section prohibits the laying out of a highway through or upon any orchard or garden or any building or fixture used for the purpose of trade or manufacture, or through or upon any building, fixture, yard, or inclosure used for educational or charitable purposes, or through or upon any other building or fixture where the value of said building or fixture exceeds $75, or through or upon the yard or inclosure necessary to the use or enjoyment thereof without the consent of the owner, or through any cemetery without the consent of the trustees or other officers having the management or control thereof.   If this statute were applicable to cities and villages it would be practically impossible to construct streets in villages or cities.

2. It appears from the record that after the condemnation proceedings were had and payment tendered the defendants took possession of the land pending the contempt proceedings referred to in the statement of facts.   Notwithstanding the fact that the court commissioner to whom application for injunction was made denied it, and the court upon a rehearing of the matter before it sustained the order of the court commissioner, it is claimed, as we understand the argument, that because a stay pending the hearing of the contempt proceedings was asked for the defendants were not warranted in entering and taking possession before the final disposition of the contempt proceedings.   On this point, however, it is sufficient to say, as appears from the record, that at the time

the entry was made there was no injunctional order in force prohibiting the entry upon the premises, therefore there could have been no violation of an injunctional order. In fact no injunctional order was at any time issued. Even a mere restraining order pending an 'application for an injunction ceases to be operative at the expiration of the date fixed by the terms of the order. *State ex rel. Downing v. Green,* 48 Neb. 327, 67 N. W. 162; *State ex rel. Plattsmouth T. Co. v. Baker,* 62 Neb. 840, 88 N. W. 124.

We are convinced that the court below was right and that the judgment and order appealed from should be affirmed.

*By the Court.*—Judgment and order are affirmed.