WHITEHEAD & MATHESON COMPANY, LTD., Appellant, vs. JENSEN and others, Respondents.

*November 11—December 9, 1930.*

14

"It is also stipulated that the plaintiff, Whitehead & Matheson Company, Ltd., is the owner of lot 19 in block 2 of Highland Park Addition to Janesville, and other lots in said block lying to the south thereof; that said lot 19 is located immediately south and abutting on that portion of Benton avenue between Harding street and Railroad street.

*Alexander E. Matheson* of Janesville, for the appellant.

For the respondents there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *Otto A. Oestreich.*

ROSENBERRY, C. J. The situation presented by the stipulation of facts in this case is unique. As stipulated the facts disclose that these streets had been platted for more than thirty-five years. How or in what manner the lots in question were assessed for purposes of taxation does not appear, but it does appear that Harding street is an improved street, that Benton avenue is improved to the west line of Harding street, and that no part of Benton avenue west of the west line of Harding street has ever been used as a street, and that it has never been opened to public travel during its existence.

We are not called upon to consider in this case, and do not consider, what the situation of the respective parties would be if the proper public authorities should assert a right to open this street, and prefer to place the determination of the issues in this case upon the narrower ground relating to the right of the plaintiff to maintain this action under the facts disclosed in the stipulation. The facts as stipulated in this case show that although the premises in question were dedicated so far as the owner may dedicate lands for highway purposes, there has never been an acceptance of such dedication either expressly or by user. This is equivalent to saying that the place in question is not a public highway. A private owner may not by filing a plat of lands compel a municipal subdivision within which it lies to assume the responsibility of maintaining it as a public highway against its will. In order to complete the dedication there must be acceptance in some form. Within what time acceptance may be made will depend largely upon the circumstances of each particular case. See note *Yuba City v. Consolidated Mausoleum Syndicate* (Cal.) 279 Pac. 427, 66 A. L. R. 318 and cases there cited. There being no acceptance of the offer to dedicate, there is no street. *State v. Paine Lumber Co.* 84 Wis. 205, 54 N. W. 503. *Cf.* 18 Corp. Jur. p. 73, § 68 and cases cited.

There being no public highway, the plaintiff not being the owner of the fee in the land upon which the garage stands, it cannot maintain an action for the relief sought. A private owner may undoubtedly maintain an action to compel the removal of an obstruction in a street, but his right to maintain that action is dependent upon the existence of the street. The proof in question in this case does not disclose that the *locus in quo* is a street. Cases like *Racine v. Crotsenberg,* 61 Wis. 481, 21 N. W. 520, and *Le Blond v. Peshtigo,* 140 Wis. 604, 123 N. W. 157, are therefore not in point.

*By the Court.*—Judgment affirmed.