FLORSHEIM, Appellant, vs. PATTERSON and others, Town Board, Respondents.

*June 1—June 20, 1932.*

The cause was submitted for the appellant on the brief of *O'Melia & Kaye* of Rhinelander, and for the respondents on that of *Frank W. Carter* of Eagle River.

NELSON, J. The plaintiff and one Reinberger are the owners of lands which together constitute a peninsula extending westerly into Lake Shishebogama, located in both Vilas and Oneida counties. Reinberger's lands, which are used for resort purposes, are situated in the southwesterly part of the peninsula and wholly within the town of Minocqua, in Oneida county. Reinberger's lands do not

abut on any highway and sole access to them is by means of a right of way by necessity which runs westerly through plaintiff's farm from a north-and-south highway. See *Florsheim v. Reinberger,* 173 Wis. 150, 179 N. W. 793, which involved another controversy between the plaintiff and Reinberger. The plaintiff's lands are located in both Vilas and Oneida counties and the county line runs east and west through plaintiff's lands. No controversy exists as to the right of Reinberger to use the private way as an easement by necessity nor as to the right of the plaintiff to maintain gates on said private way. *Florsheim v. Reinberger, supra.* The private way, however, seems to have been considered by Reinberger as so inconvenient as materially to interfere with his resort business. In any event, on the 3d day of August, 1931, Reinberger filed with the town clerk of the town board of Flambeau, in Vilas county, an application addressed to the supervisors and signed by more than six alleged freeholders residing in said town, to lay out a three-rod highway described as follows:

"Beginning at a point about two rods north of the southeast corner of lot seven (7), section thirty-six (36), township forty (40) north, of range five (5) east, using the fence running along the south line of the easement running through said lot seven as the south line of the proposed highway, thence go west a distance of about 1,120 feet, thence north 150 feet, thence west 200 feet, thence south 150 feet, thence west to a point opposite a point 75 feet west of the east line of property of G. H. Reinberger, and then south to the county line between Vilas and Oneida counties. The tract of land through which said highway may pass being lots seven (7) and eight (8), section thirty-six (36), township forty (40) north, of range five (5) east."

The application was in proper form and was apparently sufficient. Sec. 80.02, Stats. At a meeting of the town board held on the 8th day of August, 1931, at which but

two of the supervisors were present, a time and place for hearing said application was fixed and notice of such meeting was signed by the two supervisors present, and by the third supervisor two days later, before the notices were served or posted as required by law. Sec. 80.05, Stats. The town clerk served the notice on the plaintiff, who was the sole owner and occupant of the lands through which the highway was proposed to be laid, by delivering to one Brock, his farm foreman, a copy of the notice and by also giving to the latter another copy of such notice, accompanied by a request to give it to the plaintiff. At the time of such service the plaintiff was temporarily absent from his farm and the service was made upon Brock while he was in the plaintiff's barn. The proposed highway, as described in the application, starts at the existing highway on the east side of plaintiff's lands, then proceeds westerly until within a short distance of two of the plaintiff's buildings which are located on each side of the narrow private way. The space between the buildings is considerably less than three rods, and since each of the buildings concededly cost more than $300 no road could be legally laid out between them. Sec. 80.03, Stats. This difficulty was sought to be obviated by running the proposed highway north a distance of 150 feet past the northerly building, thence west a distance of 200 feet, thence south a distance of 150 feet to the line of the first segment. So proceeding the road would interfere with none of the plaintiff's buildings, but the night pasture located to the north of the north building, at one time used by the plaintiff as a sheep pasture, and at the time of the trial used as a night yard for four horses, would be cut in two by the proposed highway, which, if fenced, would cut off access to the lake for the horses when pastured in the yard next to the building. Before the time set by the town board for hearing the application, the plaintiff commenced this action.

The court found the facts substantially as stated and concluded that the signing of the notice by the supervisors fixing the time and place of the meeting was proper and legal; that the service of the notice upon the plaintiff was by copy left at his usual place of abode and was therefore proper and legal; that the relief provided by sec. 80.13, Stats., does not afford an exclusive remedy to Reinberger under the circumstances; that the defendants had the legal and statutory right to proceed under sec. 80.02 to lay out the proposed highway and were legally prepared to meet and decide upon said application; that the defendants had a legal right to lay out the highway as proposed, and that said proposed highway was not prohibited by sec. 80.03 as one to be laid out through or upon "any other building or fixture where the value of said building or fixture exceeds $300, or the yard or inclosure necessary to the use or enjoyment thereof, without the consent of the owner;" and that the defendants were entitled to judgment dismissing the plaintiff's complaint and dissolving the temporary injunctional order.

The plaintiff contended below, and again contends here, that the action of the defendants fixing the time and place of the meeting was illegal because not taken by the supervisors acting as a board; that the service of the notice upon the plaintiff was not valid; that, under the circumstances of this case, the only remedy afforded Reinberger was that given by sec. 80.13; that the town board would have no right to lay out a highway through or upon the sheep and horse yard necessary to the use or enjoyment of a building concededly worth more than $300.

In the view we take of this case we deem it unnecessary to decide any of the questions raised by the appellant for the reason that it appears without dispute that this action was commenced prior to the meeting of the town board to be held for the purpose of hearing the reasons for or against

the application and obviously before any decision was rendered or any order laying out the proposed highway had been made. We have found no case which is authority for the proposition that a town board may be enjoined from merely acting on an application for the laying out of a highway. Until an order laying out a proposed highway is made, no irreparable injury can be threatened to one whose lands are proposed to be crossed. A town board may, in its discretion, decide against an application, and the commissioners, on appeal, if an appeal be taken, may affirm the order of the town board. Until an order laying out a highway is made, the aid of a court of equity may not be invoked to restrain action by a town board. No one can foretell whether an application will be granted or denied. In such a situation equity should not restrain a town board from acting. Obviously, until a town board has acted and has ordered a highway to be laid out no injury or harm can be said to be threatened and equity should not interfere with the duty of the town board to meet and decide. The principles of equity which rule this case are considered in the following cases: *Judd v. Fox Lake,* 28 Wis. 583; *Sage v. Fifield,* 68 Wis. 546, 32 N. W. 629; *Harley v. Lindemann,* 129 Wis. 514, 109 N. W. 570. Those cases support the rule that injunctions will not lie to restrain mere threatened acts of public officers. In *Flanders v. Wood,* 24 Wis. 572, the laying out of a road was restrained. In that case, however, the town board had denied the application, but on appeal to commissioners the decision of the board was reversed and the road laid out. In *Smart v. Hart,* 75 Wis. 471, 44 N. W. 514, the supervisors therein were restrained from opening a highway laid out by them. Those cases are not authority for the bringing of an equitable action to restrain the town board from meeting and considering an application to lay out a road. At the time this action was commenced no injury had been done to the plaintiff and

certainly no irreparable injury was even threatened. The most that can be said is that, at the time the action was commenced, the town board was about to meet and conduct a hearing on the application and to render a decision either for or against the application. We think the action was prematurely brought in that no right of action against the defendants individually or as a town board existed at the time of its commencement. We have no doubt that had the defendants moved to dismiss the complaint for the reasons hereinbefore mentioned, the learned trial court would have promptly granted their motion. The result reached by the trial court and this court are the same although for different reasons.

*By the Court.*—Judgment affirmed.