UNION FALLS POWER COMPANY, Respondent, vs. CITY OF OCONTO FALLS, imp., Appellant.

*December 4, 1935—June 2, 1936.*

For the appellant there was a brief by *Sells & Sells* of Florence and *James D. Shaw* of Milwaukee, and oral argument by *Mr. Arthur M. Sells* and *Mr. Shaw*.

For the respondent there was a brief by *Olin & Butler* and *R. M. Rieser,* all of Madison, and oral argument by *Mr. Rieser.*

The following opinion was filed March 3, 1936:

ROSENBERRY, C. J.    In *Ford Hydro-Electric Co. v. Aurora,* 206 Wis. 489, 240 N. W. 418, the court carefully considered whether or not sec. 76.02 (5), Stats. 1929 (now numbered sec. 76.02 (8)), under which the plaintiff had been assessed as a public utility by its terms included companies generating, transforming, transmitting, or furnishing electric current for light, heat, or power, which were not public utilities, and for the reasons there stated it was held that ch. 76, Stats., of which the section is a part, by its terms was applicable to public utilities and insurance companies, and that par. (c) did not extend the right to be assessed under the section to any company not a public utility even though it generated, transformed, transmitted, or furnished electric current for light, heat, or power.   We adhere to the determination made in that case, so that the only question presented here is whether or not the plaintiff is a public utility.

If a company generating, transforming, transmitting, or furnishing electric current for light, heat, or power can make itself a public utility by declaration, concession, admission, and acting like a public utility, the plaintiff has concluded the court in this case. That the plaintiff company has claimed to be a public utility, has been so recognized by the public service commission and the tax commission, has exercised some of the powers peculiar to public utilities, such as the power of eminent domain, is practically without dispute.

In *Ford Hydro-Electric Co. v. Aurora, supra,* the test laid down in *Cawker v. Meyer,* 147 Wis. 320, 133 N. W. 157, for determining whether or not a particular corporation was a public utility is approved and applied. In *Cawker v. Meyer,* the court said:

"It was not the furnishing of heat, light, or power to tenants or, incidentally, to a few neighbors that the legislature sought to regulate, but the furnishing of those commodities to the public, that is, to whoever might require the same. . . . The use to which the plant, equipment, or some portion thereof is put *must be for the public* in order to constitute it a public utility."

The plaintiff company in this case furnishes to the city of Oconto Falls electrical energy under a contract at a specified price per electrical unit. From the very nature of the case the plaintiff company could furnish electrical energy to no other like community, but this is not wholly determinative of the question. The fact is that plaintiff company does not hold itself out as being able, ready, and willing to serve the public. It has no schedule of rates to be charged for such services. If a customer should present itself demanding service, it has no schedule of rates which would be applicable to such a situation. The fact that the plaintiff company furnishes electrical energy to the city of Oconto Falls, which in its proprietary capacity, acting as a public utility, in turn distributes it to the public, does not make the plaintiff company a public utility. If that were true, then any company furnishing power to a

public utility would itself become a public utility instanter by force of law. So far as appears from the record upon the expiration of its contract the plaintiff company will be under no obligation to furnish further service except upon such terms as may be agreed upon between plaintiff and the city of Oconto Falls. In this case as in *Central Wis. P. Co. v. Wis. T., L., H. & P. Co.* 190 Wis. 557, 209 N. W. 755, the plaintiff, like the plaintiff in that case, does not deal with the public directly or indirectly. It deals with a utility which in turn deals with the public.

The plaintiff in this case seeks to establish its status as a public utility by declaring itself to be such by its articles of incorporation. It claims that by that declaration in connection with the fact that it is engaged in generating electrical energy, and the further fact that it has been so treated by the public service commission and by the tax commission, its status is established. The argument, however, ignores entirely the matter of service to the public. An offer to furnish service to the public cannot be made *in vacuo*. The dedication of utility property to a public use, like the dedication of land for highway purposes, is not complete until there is an acceptance or at least an acquiescence by an existent public. *Whitehead & Matheson Co. v. Jensen,* 203 Wis. 12, 233 N. W. 546. If a company chartered as a public utility were to erect a hydroelectric plant in the wilderness, should declare itself to be a public utility, should publish a schedule of rates on which it offered service to the public, it still would not be a public utility because there would be in existence no public which could be served. It is true, as stated in the cases already referred to, that the mere fact that a public utility has a limited number of customers is not wholly determinative of the question. Under the facts in this case the plaintiff serves no one as a member of the public. It sells a part of the electrical energy produced by it to the city of Oconto Falls; the rest of the developed electrical energy, characterized as dump power, is absorbed by the parent company. It makes no offer

to serve the public which could be accepted by any member of the public. As already stated, the disposition of its electrical energy under a contract is merely the disposition of the merchantable product of its plant.

The plaintiff makes a claim to the effect that it is a public utility by virtue of ch. 183, Laws of 1931, which is now sec. 66.06 (4) (a), Stats. That paragraph provides:

"(a) Cities and villages may contract for furnishing light or heat to the municipality or to the inhabitants thereof for a period of not more than ten years or for an indeterminate period if the prices shall be subject to adjustment at intervals of not greater than five years. The commission shall have jurisdiction relative to the rates and service to any city or village where light or heat is furnished to such city or village under any contract or arrangement, to the same extent that it has jurisdiction where such service is furnished directly to the public."

If a company furnishing light or heat to a municipality thereby became a public utility, sub. (4) (a) would be superfluous, the contracts of a public utility being already subject to supervision by the commission under other statutory provisions. The effect of that statute is to place contracts between cities and villages and those contracting with them for light and heat under the supervision of the commission, whether the party with whom the contract is made is a public utility or not.

We conclude that the plaintiff company is not a public utility, and therefore it was properly assessable in accordance with applicable laws of the state and not assessable as a public utility.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.

FRITZ, J., dissents.

A motion for a rehearing was denied, with $25 costs, on June 2, 1936.