112 633
,s114 599

HILL *v*. HILL.

1. APPEAL—WRIT OF ERROR—DELAY IN FILING RETURN.
    A writ of error will not be dismissed for delay in filing the return if it is filed before the motion to dismiss is heard.

2. BILL OF EXCEPTIONS — SETTLEMENT—JUDGE PRESIDING OUT OF HIS CIRCUIT.
    Under 2 How. Stat. § 7613, requiring a bill of exceptions to be settled before the judge who tried the case, except in case of his death or resignation, the expiration of his term, or vacancy in office from other cause, the fact that the case was tried before a judge from another circuit, who is absent from the county, and whose attendance cannot be procured, does not authorize the settlement of the bill before the local judge, since the bill may be settled at the trial judge's home.

3. SAME—STIPULATION OF PARTIES.
    Parties cannot stipulate as to the judge who shall settle a bill of exceptions.

Error to Wayne; Simpson, J., presiding.

Case by Bridget Hill against Matilda Hill for alienating the affections of plaintiff's husband. There was a judgment for plaintiff, and defendant brought error. On motion to dismiss. Submitted April 27, 1897. Granted May 11, 1897.

*Flowers, May & Moloney* (*Charles H. Kline*, of counsel), for the motion.

*George X. M. Collier, contra.*

MONTGOMERY, J. This is a motion to dismiss a writ of error, based upon the ground that the writ was not returned on or before the return day, and upon the ground that no bill of exceptions has been properly settled in the case.

The first objection might be overlooked, on the authority of *Woodmansie* v. *Hollon*, 16 Mich. 379, and *McBride* v. *Rea*, 33 Mich. 347, if the bill of exceptions had been regularly settled. .

It appears that the case was tried before Judge Simpson, sitting at the time in the Wayne circuit court, and the bill of exceptions was settled before Judge Hosmer. The statute (2 How. Stat. § 7613) provides that the bill of exceptions shall be settled before the judge who tried the case, except in case of his death, resignation, expiration of term of office, or vacancy in office from other cause. It is assigned as a reason for the settlement of the bill before Judge Hosmer that Judge Simpson was absent from Wayne county, and his attendance could not be procured there. But the case might have been settled before him at his home. See *Oliver* v. *Town*, 24 Wis. 512; *Ex parte Nelson*, 62 Ala. 376. It appears that the attorneys for plaintiff assented to the settlement of this bill of exceptions before Judge Hosmer. But it has been repeatedly held that the parties cannot stipulate to a bill of exceptions. As the time has once been extended beyond the term, we have no doubt that Judge Simpson will, upon application, settle the bill, and, if a proper showing can be made, this court possesses the power to extend the time for suing out a writ of error for six months beyond the one year fixed by statute.

This motion will be granted, without costs to either party.

The other Justices concurred.