MEER *v.* MEER.

1. DIVORCE—SETTLEMENT OF CASE FOR APPEAL.
    Where a divorce suit was heard by a judge from another circuit, the fact that the case was settled for appeal at the judge's home is insufficient reason for striking the record from the files; notice of the settlement having been given.[1]

2. SAME—ALIMONY.
    Where the husband is in default in payments on alimony and on the contract on a house, the rent of which he had collected and kept, and the house would have been lost but for the wife's efforts, she is equitably entitled to be awarded the entire interest therein.[2]

Appeal from Wayne; Collins (Joseph H.), J., presiding. Submitted June 10; 1926. (Docket No. 45.) Decided July 22, 1926.

Bill by Anna Meer against Isidor Meer for a divorce. From the decree rendered, plaintiff appeals. Modified.

*C. H. & G. M. Lehman,* for plaintiff.

*John F. Jordan,* for defendant.

SHARPE, J. On June 18, 1925, Judge Collins of the 35th circuit, sitting in the Wayne circuit, granted plaintiff a decree of absolute divorce from the defendant on the ground of nonsupport, and dismissed defendant's cross-bill, in which extreme cruelty on the part of plaintiff was charged. He decreed that the interest of the parties in a land contract in which they were both named as vendees should be sold and the proceeds divided equally between them, unless they

[1]Divorce, 19 C. J. § 469; [2]Id., 19 C. J. § 610.

could agree upon a disposition of their respective interests therein, and that plaintiff should have her taxable costs and that the amount thereof should be chargeable against defendant's one-half interest in such contract.

On July 1st, the defendant filed a claim of appeal. On July 7th, plaintiff filed a similar claim. The defendant took no steps to perfect his appeal. Plaintiff gave notice of the settlement of the case before Judge Collins at his court room in Corunna on March 13, 1926, and the case was settled and the certificate thereto signed by him at that time and place. Defendant moves to strike the printed record from the files for the reason that the judge had no jurisdiction to act in the matter outside the county of Wayne. The motion must be denied. *Hill* v. *Hill*, 112 Mich. 633.

We therefore proceed to consider the question presented on plaintiff's appeal. It is her claim that the decree is inequitable in the division of the property rights.

The parties were married in 1917, and separated in 1923. They had no children. Defendant was engaged in the dental supply business, and plaintiff besides attending to her housework (she kept no maid) assisted him in his work at such times as her duties would permit. He sold this business, and engaged in other ventures which proved unprofitable. A home had been purchased in 1920 on a land contract for $9,500, on which $2,500 had been paid. The money with which their furniture was purchased was given plaintiff by the defendant and by her parents at the time of the marriage as wedding gifts.

After the commencement of her suit, and on March 1, 1924, plaintiff secured an order that defendant pay her the sum of $15 per week for her support. This order authorized him to collect the rentals on the house,

which had been vacated by them, and required him to apply the proceeds toward the upkeep of the property, payment of taxes, etc., and the balance on the installments due under the contract.    Defendant left Detroit and went to Cleveland about the first of June, 1924. He there again engaged in the dental supply business. For a time he permitted his attorney to collect the rents and apply the same as provided in the order, but, beginning with October, 1924, he made the collection himself (about $900) and kept the money for his own use, except the sum of $90, which he sent the vendor in November.    At the time of the hearing, defendant was in default in the payment of the sum awarded plaintiff for support in the sum of $855.    An attachment had been issued, but service could not be had on account of his absence from the State.

After the appeal to this court, plaintiff was appointed receiver of the rentals of the home property. The parties have stipulated additional facts, from which it appears that in September, 1925, the vendor began summary proceedings under the land contract to recover possession of the property, and on December 31, 1925, he secured a finding by the commissioner that there was then $1,400 due on the contract and an order for a writ of restitution if this sum was not paid within 30 days.    Plaintiff had at that time $350 of rental moneys, and she succeeded in borrowing $1,050 from her brothers and paid to the vendor the amount found to be due and the costs.    Defendant, although notified, made no effort to redeem from the order made or to assist plaintiff in doing so.    He received $810 which should, under the order of the court, have been applied on this indebtedness.    He had paid but $90 towards the support of plaintiff since their separation. The costs of this suit have not been paid by him.    But for her efforts and the assistance of her brothers their equity in the home would have been lost.    In our

opinion it is but equitable that she be awarded the entire interest in the land contract.

A decree may be entered in this court in conformity with this opinion, without costs in either court.

BIRD, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.